Filed 10/20/20  P. v. Castillo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301408 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A706749) |
| v. | |
| REFUGIO B. CASTILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Dismissed

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# BACKGROUND

In 1988, a jury convicted appellant Refugio Castillo of kidnapping for ransom (Pen. Code, § 209, subd. (a))[1], kidnapping (§ 207), conspiracy (former § 182, subd. (1)), and two counts of second degree robbery (§§ 211, 212.5). The jury also found that appellant used a firearm during the commission of the simple kidnapping and robberies (§ 12022, subd. (a)). The trial court imposed a sentence of life without the possibility of parole plus six years.

At the time appellant was sentenced, a trial court had no power to strike a firearm enhancement. (See *People v. Thomas* (1992) 4 Cal.4th 206, 213.) In October 2017, Senate Bill No. 620 (2017-2018 Reg. Sess.) (SB 620) was enacted; it became effective on January 1, 2018. (Stats. 2017, ch. 682.) SB 620 gives a trial court discretion to strike a firearm enhancement under section 12022.5. (§ 12022.5, subd. (c).)

On June 25, 2019, appellant filed a request for resentencing, citing SB 620. He contended the sentence he received violated the Eighth Amendment prohibition against cruel and unusual punishment. The trial court denied the request on June 28, 2019, noting that the judgment was "final prior to the January 1, 2018 effective date of SB 620" and appellant had not shown entitlement to resentencing under any other law. Appellant appealed. However, under the "prison delivery rule" approved in *In re Jordan* (1992) 4 Cal.4th 116, 118-119, a prisoner's notice of appeal is deemed timely filed if it is delivered to prison authorities within the 60-day filing period set forth in Rule 8.308.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Appellant's appointed counsel filed a brief requesting that we independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We dismiss the appeal for two reasons. First, appellant is not entitled to *Wende* review. "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende*, *supra*, 25 Cal.3d 436.) A defendant is not entitled to such review "in subsequent appeals." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) As this is an appeal from a petition for resentencing, not a first appeal as a matter of right, appellant is not entitled to *Wende* review. Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned. (See *Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504; *Kisling*, *supra*, 239 Cal.App.4th at p. 292 & fn. 3.)

Second, appellant was convicted and sentenced in 1988, and the judgment has long been final. SB 620 "does not apply to final judgments." (*People v. Johnson* (2019) 32 Cal.App.5th 938, 941.) "[A]bsent any new authority to resentence defendant under Senate Bill No. 620, the trial court lacked jurisdiction to grant defendant's resentencing request." (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see also *People v. Hernandez* (2019) 34

Cal.App.5th 323, 326-327.)  Because the trial court lacked jurisdiction to grant the relief appellant requested, its order denying the motion did not affect appellant's substantial rights and is not an appealable postjudgment order.  (§ 1237, subd. (b); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *Johnson, supra*, 32 Cal.App.5th at p. 941; *Hernandez*, supra, 34 Cal.App.5th at p. 326.)  Thus, "[t]he appeal is 'irregular' and will be dismissed. (§ 1248.)"  (*Johnson, supra*, 32 Cal.App.5th at p. 941; see also *Fuimaono, supra*, 32 Cal.App.5th at p. 135.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, ACTING P.J.


CURREY, J.


4