Filed 3/4/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE MERVYN JOHNSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B290213<br>(Super. Ct. No. SA066369)<br>(Los Angeles County) |

Senate Bill No. 620 does not automatically trigger resentencing for a prisoner who was previously found to have used a firearm in the commission of a felony. The Legislature has expressly limited the reach of newly enacted Penal Code § 12022.53, subd. (h).[1]  A defendant serving a sentence pursuant to a "final" judgment, who asks for such relief, should receive a "summary denial." (See *People v. Romero* (1994) 8 Cal.4th 728, 737.)  The State of California has a "powerful interest in the finality of its judgments. . . .  [P]articularly strong in criminal cases, for '[w]ithout finality, the criminal law is deprived of much

---

[1] All statutory references are to the Penal Code.

of its deterrent effect.' [Citations.]" (*In re Harris* (1993) 5 Cal.4th 813, 831.) The state certainly has a strong interest in deterring the use of firearms in the commission of a felony.

Appellant contends that he is entitled to 1. be present in the trial court, 2. counsel, 3. de novo sentencing hearing, 4. present evidence, and 5. confront and cross-examine witnesses. These enumerated rights attach to an original sentence hearing. Unless and until the trial court issues an order in the nature of an order to show cause, a defendant has no "entitlement" to these rights. We affirm. [2]

*Facts and Procedural History*

Appellant shot and killed Tina Gatlin, his former girlfriend, on December 11, 2007. In 2009, appellant was convicted, by jury, of second degree murder. The verdict included a finding that the enhancement alleging use of a firearm was true. (§§ 187, 189, 12022.53, subd. (b).) The trial court sentenced appellant to a term in state prison of 15 years to life, plus a 10-year consecutive term for the firearm use.

We affirmed his second degree murder conviction with the use of firearm finding enhancement in *People v. Johnson*, Mar. 29, 2011, B220820 [nonpub. opn.]. The California Supreme Court denied review on June 15, 2011 (S193001). Appellant's time to file a petition for writ of certiorari in the United States Supreme Court expired on September 13, 2011. (Supreme Court Rules, rule 13.)

Appellant is no stranger to seeking post sentence relief from final judgments. He has filed numerous petitions for writs

---

[2] Our colleagues in the Third District have reached the same result as we do here. (*People v. Fuimaono* (Feb. 8, 2019, C087336) __ Cal.App.4th __ [2019 Cal.App. LEXIS 108].)

2

of habeas in state and federal courts. He has had no success. The United States Supreme Court denied appellant's petition for writ of certiorari in the federal habeas matter on January 12, 2015.

Appellant also filed in state court a motion to reduce the amount of restitution he was ordered to pay. The motion was denied. We affirmed that order in an unpublished opinion on September 7, 2016 (B268763). Appellant then filed a motion to set aside the restitution order as void. The motion was denied. We affirmed that order in another unpublished opinion on September 26, 2017 (B282684). We issued the remittitur in that matter on November 30, 2017. Appellant did not file a petition for review in the California Supreme Court, nor did he file a petition for a writ of certiorari.

On April 9, 2018, appellant filed his "Motion for stay of Gun Enhancement (Penal Code, 1385)." As indicated, the trial court summarily denied the motion.

*Appealability*

Respondent correctly contends the trial court's order is not appealable because the trial court lacked jurisdiction to consider the merits of appellant's motion. We agree. The trial court had no jurisdiction to grant relief pursuant to Senate Bill No. 620, which amended section 12022.53, subdivision (h). As we explain, the new amendment does not apply to final judgments. The trial court's order denying the motion is not appealable because it is not an "order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) The appeal is "irregular" and will be dismissed. (§ 1248.)

3

*Senate Bill No. 620*

When appellant was originally sentenced in 2009, the trial court had no discretion to strike or dismiss a firearm use enhancement. (*People v. Arredondo* (2018) 21 Cal.App.5th 493, 506 (*Arredondo*).) However, Senate Bill No. 620 amended the statute, effective January 1, 2018, to give the trial court discretion, in limited circumstances, pursuant to section 1385, to strike a firearm enhancement in the interest of justice. (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1079-1080.) Subdivision (h) of section 12022.53 now provides, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (*Ibid.*)

The amendment applies to nonfinal judgments. (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090.) By its plain language, subdivision (h) "extends the benefits of Senate Bill 620 to defendants who have exhausted their rights to appeal and for whom a judgment of conviction has been entered but who have obtained collateral relief by way of a state or federal habeas corpus proceeding." (*Arredondo, supra,* 21 Cal.App.5th at p. 507.) This does not include appellant.

"'[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. [Citations.]' [Citation.]" (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) For appellant, that time passed on September 13, 2011 which was the last day on

4

which he could have filed a petition for writ of certiorari from the judgment of conviction in his murder case.

Appellant's subsequent habeas petitions and motions do not extend the date on which his judgment became final for purposes of Senate Bill No. 620 because, although he sought it, appellant did not "obtain[] collateral relief by way of a state or federal habeas corpus proceeding." (*Arredondo, supra,* 21 Cal.App.5th at p. 507.) Because he did not obtain collateral relief, appellant was not eligible for "resentencing . . . pursuant to any other law." (§ 12022.53, subd. (h).) Section 12022.53, subdivision (h), as amended by Senate Bill 620, does not apply. The trial court correctly entered an order summarily denying the sentencing request.

### Conclusion

The appeal from the order denying appellant's motion is dismissed.

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

5

Mark E. Windham, Judge

Superior Court County of Los Angeles

_____

Sally Patrone Brajevich, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.