Filed 11/25/20  P. v. Vargas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERNESTO VARGAS,<br><br>    Defendant and Appellant. | D077605<br><br><br>(Super. Ct. No. SCD175175) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

We affirm the trial court's denial of a petition to resentence defendant Ernesto Vargas on firearm enhancements because his conviction was final long before changes to the law that made sentencing on firearms discretionary instead of mandatory.

FACTUAL BACKGROUND[1]

On the night of June 4, 2003, Refugio R. was working as the closing manager at a restaurant in Old Town, in San Diego. He closed the restaurant at about 9:00 p.m. and let the last employee out at about 11:00 p.m. As he was working in his office, Refugio heard something hit the wall. He began walking through the restaurant, calling out whether anyone was there.

In the kitchen area, Refugio came upon defendant. He was standing about 12 feet away and was holding a shotgun. Refugio ran away, but slipped on a doormat, hit his knee on a wall and fell to the floor. Defendant approached Refugio from behind and pointed the shotgun at him. He said, "stop motherfucker. I'm gonna kill you." At the time he said this, defendant had his hand on the trigger of the shotgun and was standing three or four feet away from Refugio. He was wearing light tan gloves and a homemade black face mask.

Refugio replied, "Take it easy. Don't do anything crazy. I'll give you anything you want. Don't do anything crazy." Defendant then dropped a backpack he was carrying and ordered Refugio to get on his knees, go to the office and get him money. Refugio got on his knees and crawled to the office. Defendant ordered Refugio to take everything from his pockets and put it on

[1] The facts are taken from the unpublished opinion in defendant's appeal in this case. (*People v. Vargas* (Sept. 28, 2004; D043309) [nonpub. opn.].)

the floor.  Defendant again warned him, "don't do anything or I'm gonna kill you, you motherfucker."

When Refugio reached the office door, defendant poked him hard on the back with the barrel of the shotgun and told him, "Hurry up you motherfucker.  I need my money.  I don't have time."  Refugio stated, "You know what?  Don't do anything crazy.  I'll give you the money.  Take it easy."  Defendant replied, "Well hurry up, motherfucker, or you're gonna fucking die."

With defendant still immediately behind him, Refugio crawled across the office floor to the safe.  Defendant kept the gun pressed on Refugio's shoulder.  He continued to threaten to kill him.

Defendant took his left hand off the shotgun and started throwing and destroying phones and a fax machine in the office.  In doing this, defendant moved to the front of Refugio and moved the barrel of the shotgun to Refugio's chest just above his heart.  When defendant reached out to destroy one of the phones, Refugio grabbed the barrel of the shotgun, which immediately fired.  The shot missed Refugio and hit a pile of garments.

The two men struggled to control the shotgun.  Refugio finally pinned defendant against the wall and hit him three times in the face and head.  Defendant was knocked out.  Refugio grabbed the shotgun.

The police arrived about five minutes later.  When they sat defendant up, he spun around.  The officers wrestled defendant to the floor and handcuffed him.

## PROCEDURAL BACKGROUND

A jury found defendant guilty of attempted robbery (Pen. Code,[2]

---

[2] Further statutory references are to the Penal Code.

§§ 664/211); assault with a firearm (§ 245, subd. (a)(2)); making a criminal threat (§ 422); burglary (§ 459); and false imprisonment by violence (§§ 236 & 237, subd. (a)). It found true that defendant personally used a firearm (§ 12022.53, subd. (b)) and personally discharged a firearm (§ 12022.53, subd. (c)) in the commission of the attempted robbery, and that he personally used a firearm (§ 12022.5, subd. (a)(1)) with respect to the other counts. In addition, defendant pleaded guilty to being a felon in possession of ammunition (§ 12316, subd. (b)(1)); and with being a felon in possession of a firearm (§ 12021, subd. (a)(1)). He admitted the allegations that he committed the crimes while out on bail (§ 12022.1, subd. (b)); and that he had a prior robbery conviction that was both a prior serious felony (§ 667, subd. (a)(1)), and a "strike" prior (§§ 667, subds. (b)-(i), 1170.12).

The court sentenced defendant to a prison term of 32 years 4 months, on November 12, 2003. We affirmed the conviction on September 28, 2004. (*People v. Vargas, supra*, D043309.)

In February of 2020, defendant filed a petition requesting resentencing in light of Senate Bill No. 620, which ended the statutory prohibition on a trial court's ability to strike a firearm enhancement. The petition was denied by the trial court on February 24, 2020.

Defendant signed and mailed a notice of appeal on March 16, 2020. It was not filed until May 26, 2020, due to the emergency shutdown of the courts. The court granted a certificate of probable cause on June 11, 2020.

## ANALYSIS

The People contend defendant's appeal should be dismissed because the notice of appeal is untimely, and he is not appealing from an order affecting his substantial rights. We conclude that regardless of these issues,

4

defendant's appeal fails on the merits because Senate Bill No. 620 is not retroactive and does not violate principles of equal protection.

Senate Bill No. 620 became effective January 1, 2018, nearly 16 years after defendant's case became final. The statutory changes made by Senate Bill No. 620 do not apply to cases where the judgment of conviction was final before the effective date. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Johnson* (2019) 32 Cal.App.5th 938, 942.) Defendant recognizes this but urges he should obtain relief under principles of equal protection. We agree with the court in *People v. Hernandez,* which concluded there is no violation of equal protection (*id.* at pp. 326–327).

## DISPOSITION

The judgment is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

5