Filed 1/21/20  P. v. Kendrick CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>TARAN LAVEL KENDRICK,<br><br>      Defendant and Appellant. | C089236<br><br>(Super. Ct. No. STKCRFE20020007201)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the nonpublished opinion filed herein on January 14, 2021, be modified as follows:

At page 5, modify the first sentence in the last paragraph to read as follows:

We conclude that section 1170.95, subdivision (a)(2)'s reference to having "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" should not expand section 1170.95's available relief to individuals who pled guilty to something less than first or second degree murder.

1

There is no change in the judgment.

BY THE COURT:

/S/

_____

RAYE, P. J.

/S/

_____

DUARTE, J.

/S/

_____

RENNER, J.

Filed 1/14/21  P. v. Kendrick CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TARAN LAVEL KENDRICK,<br><br>Defendant and Appellant. | C089236<br><br>(Super. Ct. No. STKCRFE20020007201) |

Defendant Taran Lavel Kendrick appeals the trial court's summary denial of his request to be resentenced in light of the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) and failure to consider striking or reducing his firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620). Defendant contends the trial court erred:  (1) in determining the resentencing provisions of Penal Code section 1170.95 only apply to persons convicted of murder and not attempted murder; (2) in denying his request for resentencing prior to appointing counsel

1

to represent him; and (3) in failing to consider defendant's request for reduction of his firearm enhancement.[1] We disagree and will affirm the trial court's order.

## I. BACKGROUND

On April 9, 2002, the People filed an amended complaint charging defendant and a codefendant in count 1 with murder (§ 187) and numerous enhancements, including an allegation that defendant personally discharged a firearm causing injury (§ 12022.53, subd. (d)) and committed the crime to benefit a street gang (§ 186.22, subd. (b)(1)). Counts 2 through 6 charged defendant and his codefendant with attempted murder (§§ 664/187) and included special allegations that defendant personally discharged a firearm causing injury (§ 12022.53, subd. (d)) and intentionally discharged a firearm (§ 12022.53, subd. (c)). Finally, count 7 charged defendant's codefendant with robbery (§ 211), and count 8 charged defendant and his codefendant with the substantive offense of street terrorism (§ 186.22, subd. (a)).

The court's September 25, 2003 minute order reflects that on the seventh day of defendant's jury trial, the parties reached a resolution of the case. Defense counsel stated for the record that defendant did not fire a weapon. The court granted the People's motion to amend count 1 to charge attempted murder (§§ 664/187) with a gun enhancement under section 12022.53, subdivisions (c) and (e)(1). The court further struck the "willful and deliberate" allegations from counts 2 through 6. Defendant then pled guilty to count 1 and admitted the gun enhancement (§ 12022.53, subds. (c), (e)(1)) and the gang enhancement (§ 186.22, subd. (b)(1)). All remaining enhancements as to all counts were stricken. Defendant also pled guilty to attempted murder in counts 2 through 6 and to the street terrorism charge.

---

[1] Undesignated statutory references are to the Penal Code.

The minute order and abstract of judgment reflect that defendant was sentenced the same day to three years on count 1, plus 20 years consecutive for the gun enhancement, plus three years concurrent for the gang enhancement for a total aggregate prison term of 23 years. He also received sentences of the mid-term of six years for each attempted murder count, to run concurrently to count 1, and a sentence of two years to run concurrently for the street terrorism conviction. There is no indication in the record or this court's files that defendant appealed this judgment.

On December 31, 2018, defendant filed a pro per request asking the court to: (1) correct the abstract of judgment to reflect that he actually pled guilty in count 1 to voluntary manslaughter, not attempted murder; (2) consider modifying his gun enhancement "from 23 years to 10 years"; and (3) consider resentencing defendant in light of Senate Bill No. 1437. Attached to this request was the reporter's transcript of the plea hearing wherein the People did indeed amend the information to reflect a charge of voluntary manslaughter for count 1, and defendant pled guilty to that charge.

On February 25, 2019, the trial court issued an ex parte order modifying the abstract of judgment as requested and denying defendant's request for resentencing pursuant to Senate Bill No. 1437, stating: "Per PC 1170.95(a), the resentencing provisions [o]f SB1437 only apply to persons convicted of 1st or 2nd degree murder. The Petitioner was convicted of 'attempted' murder, not murder and, therefore, does not qualify for resentencing under SB1437." The order did not address defendant's request to modify the gun enhancement. Defendant timely appealed and did not request a certificate of probable cause.

## II. DISCUSSION

A.    *Section 1170.95 is Inapplicable to Voluntary Manslaughter and Attempted Murder*

Defendant argues the trial court erred in summarily denying his request for resentencing after finding section 1170.95 only applies to persons convicted of murder. He reasons he is entitled to further proceedings because section 1170.95 is applicable to

3

his convictions for both voluntary manslaughter and attempted murder. We join those courts that have found that the plain language of section 1170.95 demonstrates it is inapplicable to any conviction other than for felony murder or murder under a natural and probable consequences theory.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).)

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 achieved these goals by amending sections 188 and 189, statutes pertaining to the crime of murder. The legislation also added section 1170.95, which provides a mechanism for defendants "convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, subd. (a)) to file a petition in the sentencing court to have a murder conviction vacated and to be resentenced.

"[S]ection 1170.95 authorizes only a person who was 'convicted of *felony murder or murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id*., subd. (a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id*., subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to

4

have his or her *murder* conviction vacated' and to be resentenced. (*Id*., subd. (d)(2), italics added.)" (*Flores, supra*, 44 Cal.App.5th at p. 993.)

Numerous courts have reviewed the language of section 1170.95, subdivision (a) and found it inapplicable to challenges by defendants with final judgments for convictions of attempted murder (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105 [section 1170.95 authorizes petitions by those convicted of murder directed at that individual's murder conviction], review granted Nov. 13, 2019, S258175; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754-756 [the plain language of section 1170.95 does not encompass attempted murder], review granted Nov. 26, 2019, S258234; *People v. Larios* (2019) 42 Cal.App.5th 956, 961, 969-970 [same], review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, 1018 [same], review granted Mar. 11, 2020, S259948) and voluntary manslaughter (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 920 ["section 1170.95 relief is not available to those offenders who plead guilty to voluntary manslaughter"] (*Sanchez*); *Flores, supra*, 44 Cal.App.5th at pp. 992-994 [section 1170.95 does not apply to voluntary manslaughter]; *People v. Turner* (2020) 45 Cal.App.5th 428, 433 [same] (*Turner*); *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 [section 1170.95 "unequivocally applies to murder convictions" not voluntary manslaughter]).

We conclude that section 1170.95, subdivision (a)(2)'s reference to having "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" should expand section 1170.95's available relief to individuals who pled guilty to something less than first or second degree murder. (See *Sanchez, supra*, 48 Cal.App.5th at pp. 918-919 [attempting to use the plea portion of subdivision (a)(2) to expand available relief ignores the plain language of the introduction " 'that limits petitions to persons "convicted of . . . *murder*" ' "]; *Flores, supra*, 44 Cal.App.5th at p. 995 [this clause must be read in context and "the remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter"];

5

*Turner, supra*, 45 Cal.App.5th at pp. 438 ["[v]iewed together, the legislative history confirms that a defendant who faces murder liability under the natural and probable consequences doctrine, but pleads guilty to manslaughter in lieu of trial, is not eligible for resentencing under section 1170.95"].)

Nor is an expansive view of section 1170.95 warranted by uncodified legislative findings and declarations which state: "There is a need for statutory changes to more equitably sentence offenders in accordance with their involvement in *homicides*." (Stats. 2018, ch. 1015, § 1, subd. (b), italics added.)  Defendant is mistaken that this uncodified mention of homicide, which he argues includes voluntary manslaughter, justifies a broader interpretation that Senate Bill No. 1437 was intended to apply to *all* homicide convictions.  While relevant to interpreting a statute, such uncodified statements cannot be used to " ' " 'confer power, determine rights, or enlarge the scope of [the] measure.' " ' " (*Flores, supra*, 44 Cal.App.5th at p. 995.)  Further, to the extent this statement is relevant, it demonstrates the Legislature could have used the term "homicide" if it had intended a broader application, and the Legislature's decision not to "suggests a purposeful determination not to extend the resentencing provision to all types of homicide." (*Id*. at p. 996.)

Finally, we do not agree that interpreting the statute to disallow claims for relief for individuals convicted of anything less than the specified murder convictions leads to an absurd result or renders language of section 1170.95, subdivision (a)(2) superfluous. These arguments have been considered and rejected.  (See, e.g., *Sanchez, supra*, 48 Cal.App.5th at p. 919 [no absurd result, citing *People v. Cervantes, supra*, 44 Cal.App.5th at p. 887; *Flores, supra*, 44 Cal.App.5th at pp. 996-997; *Turner, supra*, 45 Cal.App.5th at pp. 438-439]; *Sanchez, supra,* at p. 919 [clarifying that section 1170.95 applies to both murder convictions by plea or trial is not surplusage].)

In light of our conclusion that section 1170.95 petitions for resentencing are limited to those defendants with convictions for felony murder or murder under a natural

and probable consequences theory, defendant had no right to the appointment of counsel. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, review granted Mar. 18, 2020, S260493 [where defendant fails to state a prima facie claim for relief under section 1170.95, the court does not error in failing to appoint counsel]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [court did not error in failing to appoint counsel for defendant "indisputably ineligible for relief" under section 1170.95].)  Accordingly, we summarily reject defendant's claim that the court's failure to appoint such counsel violated his rights.

B.      *Senate Bill No. 620*

Defendant further contends he is entitled to remand so that the trial court may exercise its discretion to strike or reduce the section 12022.53, subdivisions (c) and (e)(1) firearm enhancement pursuant to Senate Bill No. 620.  He argues both that the amendment to section 12022.53 created an independent right to resentencing for final cases and also that he was before the court which was correcting errors in his sentence and thus, he was eligible for reconsideration under section 12022.53, subdivision (h).  We disagree.[2]

When defendant was sentenced in 2003, the court had no discretion to strike or dismiss a firearm use enhancement.  (See former § 12022.53, subd. (h) ["[n]otwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section"].)  "However, Senate Bill No. 620 amended the statute, effective January 1, 2018, to give the trial court discretion, in limited circumstances, pursuant to section 1385, to strike a firearm enhancement in the interest of justice.  [Citation.]  Subdivision (h) of

---

[2] In light of the Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685, 692, we will not address the People's argument that defendant was required to first obtain a certificate of probable cause in order to seek retroactive relief of Senate Bill No. 620.

section 12022.53 now provides, 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law.' " (*People v. Johnson* (2019) 32 Cal.App.5th 938, 941.) This provision is not fully retroactive. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326-327 [rejecting defendant's equal protection full retroactivity argument].)

Section 12022.53 extends the benefits of Senate Bill No. 620 to defendants who have exhausted their rights to appeal and for whom a judgment of conviction has been entered, but who have obtained collateral relief by way of a state or federal habeas proceeding or other post judgment motions. (*People v. Johnson, supra*, 32 Cal.App.5th at p. 941; see also *People v. Arredondo* (2018) 21 Cal.App.5th 493, 507.) This deadline passed for defendant many years ago. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [finality for purposes of retroactive application of a criminal statute occurs after the time for petitioning to the Supreme Court of the United States for a writ of certiorari has passed].)

We do not agree with defendant's claim that he was before the court for a correction in sentencing entitling him to relief. First, correction of an abstract of judgment is a clerical matter. It is not a resentencing for purposes of section 12022.53, subdivision (h). (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 379-380.) Second, defendant is not entitled to relief by virtue of the Senate Bill No. 1437 request. Section 1170.95 itself is explicit that a defendant's sentence is not recalled by virtue of the filing of the petition. Rather, it is only after (1) the court has determined the petitioner made a prima facie showing that petitioner falls within the provisions of the statute and is entitled to relief (§ 1170.95, subd. (c)), and (2) the prosecution has failed to carry its burden of proving the petitioner is ineligible for resentencing (*id*., subd. (d)(3)), that the murder conviction may be vacated and the sentence recalled (*id*., subd. (d)(1)). As explained

8

above, defendant did not meet the initial threshold showing he was entitled to relief, as he was not convicted of murder. Filing a petition seeking relief to which one is not entitled does not reopen one's case for purposes of resentencing. (See *People v. Johnson, supra*, 32 Cal.App.5th at p. 942 [failure to obtain collateral relief through habeas corpus meant defendant had not shown he was "eligible for 'resentencing . . . pursuant to any other law.' (§ 12022.53, subd. (h).)"].) Accordingly, defendant has not shown he is entitled to the relief he seeks.

## III.  DISPOSITION

The trial court's order denying defendant's request for resentencing is affirmed.


/S/

_____

RENNER, J.



We concur:


/S/

_____

RAYE, P. J.


/S/

_____

DUARTE, J.

9