Filed 3/23/21  P. v. Dantignac CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TAURUS DANTIGNAC,<br><br>    Defendant and Appellant. | B307106<br><br>(Los Angeles County<br>Super. Ct. No. BA324566) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Taurus Dantignac appeals from a postjudgment order summarily denying his motion and petition for resentencing in which he requested the court exercise its discretion to strike or dismiss firearm-use enhancements imposed pursuant to Penal Code section 12022.53,[1] in light of Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2) (Senate Bill 620), effective January 1, 2018, and prior serious felony enhancements imposed pursuant to section 667, subdivision (a)(1), in light of Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1) (Senate Bill 1393), effective January 1, 2019. No arguable issues relating to this order have been identified following review of the record by Dantignac's appointed appellate counsel or by Dantignac in his supplemental letter brief to this court. We also have identified no arguable issues after our own independent review of the record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Dantignac's Conviction and Sentence*

A jury convicted Dantignac in 2008 of robbing Deron Tse at gunpoint (§ 211; count 1) and taking his automatic teller personal identification number with an intent to defraud (§ 484e, subd. (d); count 2); robbing Daniel Lee (count 3) and taking his automatic teller personal identification number with an intent to defraud (count 4); and robbing Jane Blanco, using a handgun (count 6), and stealing her car (§ 215, subd. (a), carjacking; count 5). In a bifurcated bench trial the court found the People had proved Dantignac previously committed at least two prior serious felony offenses (11 had been specially alleged in the information)

___

[1] Statutory references are to this code.

within the meaning of the three strikes law and section 667, subdivision (a)(1).

The court sentenced Dantignac to 25 years to life on each of the six counts, specifying only the term on count 6 as concurrent, and imposed two 10-year firearm enhancements (§ 12022.53, subd. (b)) and two five-year prior serious felony enhancements (§ 667, subd. (a)(1).) The total aggregate state prison sentence was 125 years to life plus 30 years.

We affirmed the judgment on appeal. (*People v. Dantignac* (July 21, 2009, B210094) [nonpub. opn.].)

2. *Dantignac's Motion for Resentencing*

On June 29, 2020 Dantignac, representing himself, filed a motion for resentencing, requesting the court exercise its discretion under Senate Bill 620 and, concurrently, a petition for resentencing, requesting the court exercise its discretion under Senate Bill 1393 to strike or dismiss formerly mandatory sentencing enhancements for use of a firearm and prior serious felony convictions. On July 23, 2020 the court summarily denied Dantignac's requests, stating in its minute order, "The petition for resentencing is unmeritorious and is denied." Dantignac filed a timely notice of appeal.

## DISCUSSION

Senate Bill 620 became effective January 1, 2018, approximately eight years after Dantignac's judgment of conviction was final. The statutory changes made by that legislation do not apply to cases where the judgment of conviction was final before the effective date. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Johnson* (2019) 32 Cal.App.5th 938, 942.) Similarly, the ameliorative benefits of Senate Bill 1393, effective January 1, 2019, are retroactive only to cases

3

that were not yet final prior to its effective date.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 695-699; *People v. Hernandez* (2020) 55 Cal.App.5th 942, 952, review granted Jan. 27, 2021, S265739; see generally *In re Estrada* (1965) 63 Cal.2d 740, 744 ["[i]f the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies"].)

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Dantignac on appeal. After reviewing the record, appointed counsel filed a brief raising no issues.  Appointed counsel advised Dantignac on October 27, 2020 that he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.  We thereafter granted Dantignac an extension of time to file his supplemental letter brief.

On January 4, 2021 we received a four-page typed supplemental brief in which Dantignac did not address his petition and motion for resentencing under Senate Bill 620 and Senate Bill 1393.  Instead, Dantignac asserted his two convictions for violating section 484e, subdivision (d) (acquisition of access card information with the intent to use it fraudulently), were subject to redesignation as misdemeanors under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18) and *People v. Romanowski* (2017) 2 Cal.5th 903.  That issue must be presented to the superior court in the first instance.  (§ 1170.18, subd. (a) [petition for recall of sentence to be made "before the trial court that entered the judgment of conviction in his or her case"].)

4

Because no cognizable legal issues have been raised by Dantignac's appellate counsel or by Dantignac or identified in our independent review of the record, the order denying the motion and petition for resentencing is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Dantignac's motion and petition is affirmed.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

5