Filed 6/29/22  P. v. Robinson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>KENYUN DASHAWN ROBINSON,<br><br>　　　Defendant and Appellant. | B313797<br><br>(Los Angeles County<br>Super. Ct. No. NA051400) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded.

Loyola Law School, Juvenile Innocence & Fair Sentencing Clinic, Marisa Harris, Christopher Hawthorne and Kristen Durkan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Michael R. Johnsen and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Kenyun Dashawn Robinson (defendant) appeals from an order entered after argument regarding his petition filed pursuant to Penal Code section 1170, former subdivision (d)(2),[1] to recall his sentence and to be resentenced. Defendant purports to appeal "from the judgment denying the request for his matter to be transferred to juvenile court jurisdiction once his sentence has been vacated . . . ." The People, on the other hand, have construed the trial court's order as a denial of the petition for recall and resentencing. In reply, defendant agrees.[2] It appears that the trial court's error was that

---

[1] Penal Code section 1170 has been amended and former subdivision (d)(2) is renumbered as subdivision (d)(1)-(13). (See Stats. 2021, ch. 731, § 1.3.) When it is necessary to refer to the former numbering of the statute, we use the modifier "former"; otherwise we refer to the current numbering. All further statutory references are to the Penal Code, unless otherwise indicated.

[2] In his reply brief filed April 18, 2022, defendant sought an expedited appeal, indicating that he was anxious to have the matter returned to the trial court. As good cause for granting the motion, defendant stated: "Both parties agree that the lower court erred when it refused to recall [defendant's] sentence . . . ." Defendant also assumed that granting his request would "not significantly impair the court's customary procedures." The matter was put on the court's June 2022 calendar. Good cause

it did not rule on the merits of the section 1170, subdivision (d) petition. We thus reverse and remand with directions to consider the matter on its merits. Defendant's request to order the matter transferred is premature, we thus do not reach that issue.

## BACKGROUND

**Prior appeals**

We take judicial notice of our prior decisions in defendant's case, and draw background facts from those opinions.

### Robinson I:  People v. Robinson *(June 2, 2004, B166845) (nonpub. opn.)*

Defendant was convicted in 2003 of a murder committed in 1992, when he was 16 years old. Defendant was sentenced to life without the possibility of parole (LWOP) plus four years for the use of a firearm. In 2004 we affirmed the judgment.

### Robinson II: People v. Robinson *(Aug. 22, 2017, B264801) (nonpub. opn.)*

In 2013, defendant petitioned for a writ of habeas corpus seeking resentencing under *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*). In *Miller* the United States Supreme Court held that a mandatory LWOP sentence imposed upon a juvenile offender violated the Eighth Amendment and that sentencing courts must have discretion to impose a lesser term based upon individualized factors relating to youth and its attendant characteristics. (*Miller*, at pp. 479-480.) In 2015, after granting such a hearing, the trial court ruled that LWOP remained the

---

not having been shown, the request for the matter to be expedited is denied.

appropriate sentence. We affirmed the court's order on September 1, 2016.

The California Supreme Court granted review and transferred the matter back for reconsideration in light of *Montgomery v. Louisiana* (2016) 577 U.S. 190 (*Montgomery*), which held that its decision in *Miller* was retroactive, and thus LWOP must be restricted to the rare juvenile offender who "exhibits such irretrievable depravity that rehabilitation is impossible." (*Montgomery*, at pp. 208-209.)

Upon reconsideration of our decision in 2016, we reversed the trial court's order denying resentencing and remanded the matter to the trial court for a new sentencing hearing consistent with the principles set forth in *Montgomery, supra*, 577 U.S. 190 and *Miller, supra*, 567 U.S. 460 (a *Miller* hearing). On remand, prior to holding a *Miller* hearing as directed, the trial court determined that intervening changes in law made the direction moot (section 3051 had been amended to create a parole eligibility date for youth offenders who had served 25 years of their LWOP sentences). (See Stats. 2017, ch. 684, § 1.5.) The trial court instead held a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin* hearing) to preserve any evidence in mitigation for defendant's youth offender parole hearing. Defendant requested the court to conduct the *Miller* hearing as well as the *Franklin* hearing, or in the alternative, to hold a hearing to recall his sentence and resentence him pursuant to section 1170, former subdivision (d)(2). The trial court denied the requested recall hearing pursuant to section 1170 without explanation.

**Robinson III:  People v. Robinson** *(Sept. 25, 2019, B294169) (nonpub. opn.)*

We affirmed the trial court's order denying a *Miller* hearing and rejected defendant's request to direct the court to conduct a recall and resentencing hearing.  We did so without prejudice to the filing of a petition in compliance with the procedural requirements of section 1170, former subdivision (d)(2).  The California Supreme Court denied review.

**Proceedings leading to this appeal**

In November 2020 defendant filed his "Petition for Recall and Resentencing Hearing Under Penal Code Section 1170(d)(2)" with exhibits.  The petition requested the court to recall and vacate defendant's sentence and then transfer jurisdiction of the case to juvenile court for a Proposition 57 (as approved by voters, Gen. Elec. (Nov. 9, 2016)) hearing pursuant to Welfare and Institutions Code section 707, subdivision (b).

Hearing on the petition was held on November 19, 2020.  It "seemed" to the trial court that defendant met the requirements for recall of his sentence and to have a resentencing hearing.  The court did not agree, however, that the case should be transferred to juvenile court.  After hearing argument from counsel, the proceeding was continued.  In the meantime the parties filed supplemental briefs and documentary evidence.  Defendant's supplemental brief, filed February 9, 2021, focused on his request for an immediate transfer to juvenile court once his sentence was recalled and vacated.  The prosecution conceded that defendant qualified for recall of his sentence, but disagreed that section 1170, subdivision (d) authorized his transfer to juvenile court.

When the hearing resumed on June 10, 2021, the court asked counsel which issue it should rule upon first.  Defense

counsel argued that the court should first rule on whether to transfer the matter to juvenile court. The prosecutor argued that there was no authority for doing so and that the trial court should first rule on the recall and if the court vacated the sentence, then rule on resentencing. The court observed that it had not yet ruled on whether to vacate the sentence, so the case was still a final adult conviction. The court denied the request to send the case to juvenile court for a transfer hearing, and after further argument of counsel the court stated, "I'm going to stick with my ruling . . . not . . . to grant the transfer hearing." The minute order of that date states that the "[d]efense motion to transfer case to juvenile court per Proposition 57" was heard, argued, and denied, and the proceedings were terminated.

Defendant filed a timely notice of appeal "from the judgment denying the request for his matter to be transferred to juvenile court jurisdiction once his sentence has been vacated . . . ."

## DISCUSSION

Defendant contends that the trial court erred in not recalling his sentence despite the prosecutor's concession that he met the requirements for recall under section 1170, subdivision (d).[3] Defendant also contends that his case must be referred to

---

[3] Defendant also claims that the trial court's statement that he seemed to have met the requirements for recall meant that the court found by a preponderance of evidence that he was eligible for a recall hearing. We do not find evidence the trial court expressed such a finding nor mentioned evidence.

6

juvenile court for a Proposition 57 transfer hearing under Welfare and Institutions Code section 707.

Section 1170, subdivision (d)(1)(A) provides:

"When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

Section 1170, subdivision (d)(1)(B) provides for exceptions not relevant here. Section 1170, subdivision (d)(2) provides in relevant part:

"The petition shall include the defendant's statement that [he or she] was under 18 years of age at the time of the crime and was sentenced to life in prison without the possibility of parole, the defendant's statement describing [his or her] remorse and work towards rehabilitation, and the defendant's statement that one of the following is true:

"(A) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.

"(B) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.

"(C) The defendant committed the offense with at least one adult codefendant.

"(D) The defendant has performed acts that tend to indicate rehabilitation or the potential for

7

rehabilitation, including, but not limited to, availing
[himself or herself] of rehabilitative, educational, or
vocational programs, if those programs have been
available at [his or her] classification level and
facility, using self-study for self-improvement, or
showing evidence of remorse."

Prior to the passage of Proposition 57, Welfare and
Institutions Code former section 707 permitted the prosecutor to
charge a minor directly in adult court. In *People v. Superior
Court* (*Lara*) (2018) 4 Cal.5th 299, 303 (*Lara*), the California
Supreme Court explained that "Proposition 57 prohibits
prosecutors from charging juveniles with crimes directly in adult
court. Instead, they must commence the action in juvenile court.
If the prosecution wishes to try the juvenile as an adult, the
juvenile court must conduct what we will call a 'transfer hearing'
to determine whether the matter should remain in juvenile court
or be transferred to adult court. Only if the juvenile court
transfers the matter to adult court can the juvenile be tried and
sentenced as an adult. (See Welf. & Inst. Code, § 707, subd. (a).)"
The court also held that "this part of Proposition 57 applies to all
juveniles charged directly in adult court whose judgment was not
final at the time it was enacted." (*Id.* at p. 304.)[4]

Relying on *People v. Padilla* (2020) 50 Cal.App.5th 244,
affirmed (2022) 13 Cal.5th 152, defendant contends that his

---

[4]     In *Lara*, the court based its retroactivity holding on *In re
Estrada* (1965) 63 Cal.2d 740, 744-746, in which the California
Supreme Court held that newly enacted criminal statutes that
are intended to ameliorate criminal punishment apply
retroactively to all cases not yet reduced to final judgment on the
statute's effective date. (*Lara, supra*, 4 Cal.5th at p. 303.)

sentence was reopened in 2015 when the trial court conducted a *Miller* hearing after granting a petition for writ of habeas corpus and remains nonfinal.  The California Supreme Court recently issued its decision in *People v. Padilla*, agreeing with the appellate court, which extended the reasoning of *Lara, supra*, 4 Cal.5th at pages 303-304 and *In re Estrada, supra*, 63 Cal.2d at pages 744-746, that a judgment which had been final was rendered nonfinal when the sentence was recalled, thus entitling the defendant to seek the benefits of Proposition 57.  (*People v. Padilla, supra*, 13 Cal.5th 152, 170 (*Padilla*).)

Here, defendant reasons that his sentence was reopened when his petition for writ of habeas corpus was granted and remained open throughout two appeals and after this court ordered the trial court to conduct a new *Miller* hearing, which was not done.  (See *Robinson II, supra*, B264801.)  Defendant concludes that we should therefore reverse the trial court's denial of his request to have his case transferred to juvenile court pursuant to Welfare and Institutions Code section 707.  The judgment was not final at that time.  The trial court did not hold a *Miller* hearing, because it determined intervening changes in the law made our direction moot.  Instead it held a *Franklin* hearing.  (See *People v. Franklin, supra*, 63 Cal.4th 261.)  Defendant appealed, and we affirmed the trial court in *Robinson III, supra*, B294169, without prejudice to file a procedurally compliant petition for resentencing under section 1170, former subdivision (d)(2).  The California Supreme Court denied review and the remittitur issued on December 16, 2019.  As no petition for writ of certiorari was filed in the United States Supreme Court, the trial court's order refusing a new *Miller* hearing was final 90 days later.  (See *People v. Vieira* (2005) 35 Cal.4th 264,

9

306; *People v. Johnson* (2019) 32 Cal.App.5th 938, 942.) Defendant filed his petition for resentencing almost one year after that. Proposition 57 could not then be applied retroactively to defendant in that his judgment was final.

Moreover, the petition defendant filed was not a petition for transfer to juvenile court. He filed a petition for resentencing pursuant to section 1170, subdivision (d). In his briefs supporting that petition, defendant argued that *once* the trial court vacated his sentence, it must *then* transfer jurisdiction of his case to juvenile court for a fitness hearing pursuant to Welfare and Institutions Code section 707, subdivision (a), as his judgment would *then* be nonfinal.

At the hearing on the section 1170, subdivision (d) petition, defense counsel requested the court rule first on defendant's right to a transfer to juvenile court before ruling on the section 1170, subdivision (d) petition. The court agreed to do so and twice during the hearing stated it had not yet ruled on whether to vacate the sentence. As we read the arguments and the court's comments, the court understood defense counsel's position to be that, because defendant met the requirements for recalling his sentence under section 1170, subdivision (d), or in the alternative, as soon as the sentence was recalled, the court should order the case transferred to juvenile court. The court rejected defendant's position, stating, "[M]y ruling is that I'm not going to send him back to juvenile court."

We find no ruling on the section 1170, subdivision (d) petition in the record. Defendant contends that the trial court denied the section 1170, subdivision (d) petition when it made a partially quoted comment. As quoted in full, the referenced comment made clear that the court was explaining the denial of

the request to transfer the case to juvenile court: "But to not give the court discretion, and then have to send the case back to juvenile court, which is a waste of resources, potentially, for somebody who could not have benefitted from the juvenile court system. If that's what the law wants, then okay. But it certainly seems like to me the court should have some discretion in this area; so I'm just putting that on the record." The court's ruling, that it would not send defendant back to juvenile court immediately follows this comment and made clear that the court was refusing defendant's request for a transfer, not ruling on the section 1170, subdivision (d) petition.[5]

Relying on *People v. Montes* (2021) 70 Cal.App.5th 35, 48 (*Montes*); *People v. Hwang* (2021) 60 Cal.App.5th 358, 362, 366, review granted April 14, 2021, S267274 (*Hwang*); and *People v. Lopez* (2020) 56 Cal.App.5th 835, 840, 845, review granted January 27, 2021, S265936 (*Lopez*), defendant contends that an order recalling his sentence *will* render his judgment nonfinal for purposes of a retroactive application of Proposition 57. The *Montes* court joined with other Courts of Appeal in holding that when a petition for recall and resentencing is granted, and the petitioner is resentenced pursuant to section 1170, subdivision (d), the new sentence replaces the original sentence and causes

---

[5] The court also construed section 1170 as "asking . . . for parole basically," and noted defendant had been afforded a fitness hearing when he was more than 25 years old. The court then orally reviewed defendant's juvenile and adult criminal history, noting his prior period of parole from the California Youth Authority in 2000 to 2001 and prison disciplinary reports from 2018 and 2019. Defendant represents that the fitness hearing occurred in juvenile court in 2003.

11

the judgment to be nonfinal for purposes of the retroactive application of Proposition 57. (*Montes, supra*, at pp. 38-39, 45-48, citing *Lopez* and *Hwang*.) In view of the California Supreme Court's decision in *Padilla*, in which the defendant's judgment was rendered nonfinal pursuant to habeas corpus, the prosecution anticipates the likelihood that the Supreme Court will extend its reasoning to judgments that have been recalled pursuant to section 1170, subdivision (d). We agree. However, we do not agree with defendant's conclusion that in light of these authorities "he is unquestionably eligible for relief [that] the court is required to vacate his sentence" and that the trial court erred in failing to recall his sentence and transfer his case to juvenile court.

The extent of the court's ruling was to reject the defense request to transfer the case to juvenile court immediately. The court's oral ruling is reflected in the minute order of June 10, 2021, which provides "[d]efense motion to transfer case to juvenile court per Proposition 57" was heard, argued, and denied. There was no oral ruling or mention in the court's minute order of granting or denying the petition for recall and resentencing. Defendant acknowledges that *Montes*, *Hwang*, review granted, and *Lopez*, review granted, involved cases in which the defendant had been resentenced *after* the section 1170, subdivision (d) petition had been granted and the original sentence recalled.[6]

---

[6] In his reply brief, defendant additionally cites *People v. Ramirez* (2021) 71 Cal.App.5th 970, in which the denial of a petition for resentencing and vacatur of a murder conviction under section 1170.95 was reversed, and the matter remanded with directions to grant the petition, vacate the murder

12

Defendant's notice of appeal is essentially a concession that he sought a conditional ruling, in that it states the appeal is taken "from the judgment denying the request for his matter to be transferred to juvenile court jurisdiction *once his sentence has been vacated*, pursuant to Pen. Code Section 1170(d)(2), Proposition 57 . . . ."  (Italics added.)

As the trial court did not rule on the section 1170, subdivision (d) petition, our opinion as to defendant's eligibility for recall and resentencing would be premature until the trial court follows the procedures set forth in section 1170, subdivision (d) and issues a decision on the petition.  Once a petition has satisfied the pleading requirements of section 1170, subdivision (d)(2), subdivision (d)(3) requires the trial court to determine whether any information is missing and, if so, inform the defendant.  Statutory construction is a question of law we review de novo, and we begin by examining the plain and commonsense words of the statute to determine legislative intent.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  Here, defendant's petition alleged that he satisfied three of the four requirements enumerated in section 1170, subdivision (d)(2)—that he was convicted of felony murder, had no juvenile felony adjudications as described in subdivision (d)(2)(B), and that he had performed acts that indicate rehabilitation.  As the prosecution notes, the petition did not include defendant's statement of remorse and work towards rehabilitation, but merely counsel's representation.  We construe the statute as requiring the trial court to advise defendant of missing information.  (§ 1170, subd. (d)(3).)

---

conviction and *then* transfer the matter to the juvenile court. (*Ramirez, supra*, at pp. 999-1000.)

Though the trial court called the hearing, it did not follow these procedures.  Instead, the hearing consisted of counsel's discussion with the court regarding defendant's request to transfer the case to juvenile court.  The trial court also did not follow the steps required once a petition with the requisite allegations came before it, that is, to determine by a preponderance of the evidence whether one or more of the allegations enumerated in section 1170, subdivision (d)(2) was true and, if so, to recall defendant's sentence.  (§ 1170, subd. (d)(5).)  The next step required of the trial court would have been to exercise its discretion whether and how to resentence defendant, considering a nonexclusive list of eight factors. (§ 1170, subd. (d)(5) & (6).)

As defendant's sentence was not recalled, it was premature of defendant to insist on a ruling as to what the court would do *if* the court recalled the sentence.  Defendant's present challenge to the trial court's ruling is likewise premature.  Thus, although we do not agree with the parties' reasoning, we agree that the trial court erred.  The trial court had before it a section 1170, subdivision (d) petition with appropriate allegations.  The court was required to allow defendant to provide any missing information, then hold a hearing to determine by a preponderance of the evidence whether one or more of the allegations enumerated in section 1170, subdivision (d)(2) was true.  If so, the court could recall defendant's sentence and exercise its discretion in resentencing defendant.  (§ 1170, subd. (d)(5) & (6).)

Finding that the trial court erred, we reverse and remand with directions to proceed as required by section 1170, subdivision (d).  We decline, however, to issue an advisory

opinion.  (See *People v. Slayton* (2001) 26 Cal.4th 1076, 1084.) Thus, as the court may or may not grant the petition, we do not reach defendant's contention that the trial court should have issued an order that it would transfer the case to juvenile court *if* the sentence was recalled.

## DISPOSITION

The order dated June 10, 2021, is reversed, and the matter remanded to the trial court with directions to follow the procedures of section 1170, subdivision (d) as outlined in this opinion.

_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.

15