Filed 1/31/24  P. v. Woods CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B324181 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA462630 |
| KEVIN DONALD WOODS, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Lynne M. Hobbs and Deborah S. Brazil, Judges. Dismissed.

Kevin Donald Woods, in pro. per.; Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Kevin Donald Woods purports to appeal from two orders of the superior court denying his motions (1) to strike his serious felony priors, and (2) for a court order "To Release of [*sic*] Victim's Medical Records To Prosecute a Writ of Habeas Corpus [*sic*]." Neither order is appealable, and Woods himself concedes the second issue is moot. Accordingly, we dismiss the appeals.

This is Woods's third appeal. In 2018 a jury convicted Woods of assault by means of force likely to produce great bodily injury. The trial court granted Woods's *Romero* motion[1] and struck all four of his strike priors. The court then sentenced Woods to 18 years in the state prison, consisting of the upper term of four years, plus three years for the great bodily injury enhancement, plus five years each for his two serious felony priors under Penal Code section 667, subdivision (a), plus one year under section 667.5, subdivision (b) for a prior prison term.

Woods appealed. We affirmed his conviction but remanded the case for the trial court to consider whether to exercise its discretion to strike Woods's serious felony priors under then-recently-enacted Senate Bill No. 1393 (Stats. 2018, ch. 1013, § 1). (*People v. Woods* (Mar. 27, 2019, B289798) [nonpub. opn.] (*Woods I*).)

In the meantime, on February 27, 2019, Woods's court-appointed counsel filed a written motion in the trial court to strike his serious felony prior enhancements. The court conducted a hearing—at which Woods was present with counsel —on March 7, 2019. The court denied the motion to strike the five-year priors. Woods again appealed. We found no error but remanded with instructions for the court to strike the one-

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

year prison prior under Senate Bill No. 136 (Stats. 2019, ch. 590, § 1), which had taken effect while the appeal was pending. We also ordered (1) the restitution fine and all court assessments stayed (as the trial court already had stated that was its intent), and (2) the abstract of judgment be amended to reflect one additional day of presentence credit. (*People v. Woods* (Nov. 18, 2020, B297545) [nonpub. opn.] (*Woods II*).) The superior court filed the amended abstract on February 11, 2021.

Even though the court already had denied Woods's motion to strike or dismiss his serious felony priors, on March 11, 2022, Woods (in propria persona) filed another motion to do just that. Entitled, "Motion to Modify Sentence Under Current Law Senate Bill 81 Effective January 1, 2022; Appoint Counsel under New Assembly Bill 1540," the motion asserted Woods's sentence was "not final" and he "qualifie[d] to have his 5 year enhancements dismissed."

On August 23, 2022, the court denied the motion in a written order. The order stated, "The petition requests the court to exercise its discretion to strike or retain Woods's serious felony priors pursuant to Penal [C]ode sections 667(a)(1) and 1385. This same request was considered and denied by Judge Abzug on February 27, 2019 [*sic*]."

In the meantime, on June 14, 2022, Woods (again in propria persona) filed a document entitled, "Request for Court Order To Release of [*sic*] Victim's Medical Records To Prosecute a Writ of Habeas Corpus [*sic*], Due To It Being Discovery For New Defense." Woods stated his court-appointed counsel had filed a motion "to release [the] victim's medical records," and the court had denied it on November 8, 2021, "citing privacy laws." Woods also stated he'd filed a notice of appeal from that order

3

but the appellate court had dismissed the appeal on December 6, 2021, on the ground that "[an] order denying postconviction discovery is not an appealable order." Woods referred to exhibits but no exhibits are attached to the copy of the motion in the clerk's transcript.

On September 20, 2022, the court denied the motion for the medical records. The minute order states, "The court has no authority under Code of Civil Procedure 187 nor Penal Code section 1203.01 to grant the relief requested."[2]

On October 17, 2022, Woods filed a notice of appeal from the August 23 order denying his motion to strike his serious felony priors. On October 19, 2022, he filed a notice of appeal from the September 20 order denying his request for the victim's medical records.

We appointed counsel to represent Woods on appeal. On September 5, 2023, counsel filed a brief stating she had "reviewed the entire record and found no arguable issues to raise on appeal." Counsel declared an attorney at the California Appellate Project also had "reviewed this case." Accordingly, counsel asked us to follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Counsel stated she had sent the record and a copy of her brief to Woods.

---

[2] Code of Civil Procedure section 187, enacted in 1872, concerns jurisdiction conferred on courts by the Constitution or statute. We understand the court's order to be saying it doesn't have jurisdiction to order the release of the victim's medical records to Woods. Penal Code section 1203.01 concerns the trial court's or the prosecutor's right to file a statement of their views. It is not clear what the trial court meant by citing this provision.

On November 7, 2023, Woods filed a supplemental brief. Woods offers no arguments on the subjects of his appeals: the denial of his second, duplicative motion to strike his five-year priors, and the denial of his request for the victim's medical records. Indeed, as to the second issue, Woods states that on November 17, 2022, "the court found that [he] met the statutory requirements for discovery under Penal Code 1054.9." The court —he says—ordered the District Attorney's Office "to provide [him] with the medical records of [the victim] and the medical evaluation of Dr. O'Connor forthwith." In February 2023, Woods continues, the prosecution did so. Accordingly, by Woods's own admission, that issue is moot.

As for the first issue, even apart from the fact the court already had considered—and denied—Woods's request to strike his serious felony priors, the court had no jurisdiction to consider his March 2022 motion. Contrary to Woods's assertion, his judgment of conviction was final. The remittitur issued on January 21, 2021. Woods's judgment of conviction was final 90 days after that. (See *People v. Johnson* (2019) 32 Cal.App.5th 938, 942 [judgment is final when time for petitioning for writ of certiorari in the United States Supreme Court has passed]; *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 [petition for writ of certiorari must be filed within 90 days after entry of judgment of a state court of last resort].) Accordingly, the court had no jurisdiction to consider—much less grant—a motion to strike the priors filed some 11 months later. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 343–345 [Senate Bill No. 1393 does not apply to final convictions; court had no jurisdiction to grant defendant's motion to strike prior serious felony enhancements; appeal dismissed].)

5

As the court had no jurisdiction to entertain Woods's motion to strike his five-year priors, the order denying that motion did not affect his substantial rights. It therefore is not an appealable order. (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1122–1124, 1126–1128 [striking of enhancements on remand and correction of abstract of judgment did not constitute resentencing; court therefore had no jurisdiction to consider defendant's request to strike his firearm enhancement and its order denying that request was not an appealable order]; *People v. Humphrey* (2020) 44 Cal.App.5th 371, 373–374, 379–380 [correction of error in abstract of judgment was not a resentencing]; *People v. Alexander*, *supra*, 45 Cal.App.5th at pp. 344–345.)

Finally, Woods's sole contention in his supplemental brief is that the court—having received the remittitur in his second appeal—conducted "a hearing" on February 4, 2021. Woods asserts this was a "resentencing" and he had a right to be present.

There are several problems with this contention. First, there is no minute order for February 4, 2021 in the clerk's transcript in this appeal. The reason for that is obvious: Woods didn't appeal from the modification of his judgment of conviction, nor—as discussed above—did he have any right to do so. His time to appeal—again, no appeal was available in any event—has long since expired. And, again, the court's modification of the judgment to strike the prison prior, to reflect the trial court's previous stay of court fees, and to give Woods one more day of credit—all of which the parties had essentially stipulated to—was not a resentencing. Woods had no right to attend, in person or otherwise.

6

For these reasons, we conclude the issues Woods raises lack arguable merit.

## DISPOSITION

We dismiss Kevin Donald Woods's appeals.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.