Filed 4/22/21  P. v. Flores CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307415 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA065635) |
| v. | |
| SERGIO FLORES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Dismissed.

Jill Ishida, under appointment for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Sergio Flores filed a post-judgment motion in the trial court seeking to modify his sentence by striking a 10-year enhancement for using a firearm during the commission of his crimes. Appellant argued that the passage of Senate Bill No. 620 (2017-2018 Reg. Sess.) entitled him to such relief. The trial court denied appellant's motion, and he timely appealed. His court-appointed counsel filed an opening brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Appellant filed a supplemental brief. Following *Serrano, supra*, 211 Cal.App.4th at p. 503, we consider only the issue raised by appellant in his supplemental brief. We conclude that appellant has appealed from a nonappealable order and thus dismiss this appeal.

## BACKGROUND

In May 2010, a jury convicted appellant of assault with a firearm (Pen. Code, § 245, subd. (a)(2), count one)[1], two counts of criminal threats (§ 422, counts two and four), assault by means likely to produce great bodily injury (§ 245, subd. (a)(1), count three), and possession of a firearm by a felon (§ 12021, subd. (a)(1), count five). The jury further found true the firearm use enhancement on count one pursuant to section 12022.5, subdivision (a). Appellant was sentenced to a total of 16 years and four months in prison, consisting of the upper term of four years on count one, plus 10 years for the firearm enhancement; eight months (one-third the mid-term) on each of counts two and four; one year (one-third the mid-term) on count three; and the upper term of three years on count five. The court ordered the sentences on counts two through four to run consecutively, and stayed the sentence on count five pursuant to section 654. We affirmed the judgment in our prior unpublished decision, *People v. Flores* (August 24, 2011, B225596) [nonpub.opn.].

On July 9, 2020, appellant filed a motion asking the trial court to consider striking the 10-year firearm enhancement. He argued that the court did not have such discretion at the time of his sentencing, but should exercise

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

it under the amended section 12022.53, subdivision (h)[2] and strike the enhancement in the interest of justice. The trial court denied appellant's motion. The court recognized that it had discretion to strike the enhancement pursuant to section 12022.5, subdivision (c), but found that it could not strike the enhancement because appellant was convicted and sentenced in 2010, thus his "case was final when the statute was amended." Further, the court found that "[e]ven if this court had the discretion to strike to firearms enhancement, it would decline to do so in light of the nature of the crimes and convictions." Appellant appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *Serrano, supra,* 211 Cal.App.4th 496. Under *Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record and may dismiss the appeal if the appellant fails to file a supplemental brief. (*Serrano, supra*, 211 Cal.App.4th at pp. 498, 503.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. Appellant filed a supplemental letter brief in response. We therefore proceed to discuss the issue raised in appellant's supplemental brief.

**DISCUSSION**

In his supplemental brief, appellant asks the court to "remand back to the superior court to exercise its discretion and strike the 10 year firearm enhancement." He argues that the failure to apply the amended statute retroactively to the final judgment in his case violates his equal protection rights. We disagree.

"Senate Bill No. 620 amended section 12022.5, subdivision (c), and section 12022.53, subdivision (h), as of January 1, 2018, to provide that '[t]he court may, in the interest of justice pursuant to [s]ection 1385 and at the time

---

[2]Appellant's motion below and his appellate brief both rely on the amendment to section 12022.53. However, his sentence included a firearm enhancement under section 12022.5, not section 12022.53. Thus, the court's discretion to strike that enhancement arises under section 12022.5, subdivision (c), not 12022.53, subdivision (h). The trial court considered appellant's request as if it had been made under the correct section, as do we.

of sentencing, strike or dismiss an enhancement' otherwise required to be imposed by section 12022.5 or section 12022.53." (*People v. Zamora* (2019) 35 Cal.App.5th 200, 206–207.)  The amendment applies retroactively to defendants whose sentences were not final at the time Senate Bill No. 620 became effective.  (See *id*. at p. 207; see also *People v. Johnson* (2019) 32 Cal.App.5th 938, 942; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)  As appellant recognizes, he is excluded from this category because the judgment in his case has long been final.[3]

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.  [Citations.]  If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)  While there are some exceptions to this general rule regarding jurisdiction to vacate or modify a sentence after the judgment is rendered and the sentence is executed, appellant's motion in the trial court based on Senate Bill No. 620 does not meet any of these exceptions because "Senate Bill No. 620 . . . does not contain language authorizing resentencing of convictions after they became final." (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 (*Fuimaono*)). "Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights.  [Citation.]  Accordingly, the 'order denying [the] motion to modify sentence is not an appealable order,' and the appeal must be dismissed." (*Ibid*.; see also *People v. Baltazar* (2020) 57 Cal.App.5th 334, 340–341 (*Baltazar*); *People v. Hernandez* (2019) 34 Cal.App.5th 323, 327 (*Hernandez*) [dismissing appeal]; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941 [holding trial court had no jurisdiction to grant relief pursuant to Senate Bill No. 620 and dismissing appeal].)

---

[3]We also note that the trial court indicated it would not have exercised its discretion to strike the 10-year enhancement in any event.

Thus, the trial court's post-judgment order denying appellant's motion to modify his sentence to strike the firearm enhancement—which he filed long after his judgment became final—is not appealable. (See *Baltazar, supra*, 57 Cal.App.5th at p. 342; *Fuimaono, supra*, 32 Cal.App.5th at p. 135.) We therefore must dismiss the appeal.[4]

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.

WILLHITE, J.

---

[4]We therefore do not reach appellant's contention that the equal protection guarantees of the federal and state Constitutions require full retroactive application of Senate Bill No. 620. (See, e.g., *Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 129 [noting the "well-established rule that we do not address constitutional questions unless necessary"].)