Filed 11/16/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>WILLIAM ERIK MONROE,<br><br>        Defendant and Appellant. | A164777<br><br>(Solano County Super. Ct.<br>No. VCR162572) |

In 2005, defendant William Monroe was sentenced to a 31 year four month prison term, which term included seven enhancements: three firearm enhancements totaling 12 years eight months, three one-year prior prison term enhancements, and a five-year prior serious felony enhancement. In 2020, Monroe filed a petition for relief under 2017 legislation granting the trial court discretion to strike the firearm enhancements, and when in 2021 further legislation provided for resentencing to strike the one-year prior term enhancements, Monroe filed a second petition seeking relief under that statute as well. The trial court resentenced Monroe and struck the three one-year enhancements, but concluded it was without jurisdiction to strike the firearm enhancements. Monroe contends that this was error, and that he is also eligible for relief under 2018 legislation granting the trial court discretion to strike the five-year prior serious felony enhancement. The Attorney General concedes that Monroe is eligible for relief with respect to the firearm enhancements, but not with respect to the five-year prior serious felony enhancement. We conclude that Monroe is eligible for relief with

respect to both the firearm enhancements and the prior serious felony enhancement, and we reverse and remand for resentencing.

## BACKGROUND

### The Crime, Sentence, and Appeal

In September 2003, Monroe was convicted by a jury of residential robbery in the first degree (Pen. Code, § 211)[1] (count 1), two counts of false imprisonment by violence (§ 236) (counts 2 & 3), and possession of a firearm by a felon (§ 12021, subd. (a)(1)) (count 4).[2]  The jury also found true enhancements for personal use of a firearm on count 1 (§12022.53, subd. (b)) and on counts 2 and 3 (§ 12022.5, subd. (a)), and a subsequent bench trial found true allegations of four prior prison terms (§ 667.5, subd. (b)), and one prior strike conviction for robbery (§ 667, subd. (a)(1)).  (See *People v. Monroe* (May 24, 2006, A109587) [nonpub. opn.].)

On February 24, 2005, the trial court sentenced Monroe to a 31 year four month prison term, calculated as follows:  eight years for the robbery; two consecutive one year four month terms for the two counts of false imprisonment; 10 years for the firearm enhancement on count 1 (§ 12022.53, subd. (b)); two one year four month terms for the two firearm enhancements on counts 2 and 3 (§ 12022.5, subd. (a)); one year each for the three prior prison term enhancements (§ 667.5, subd. (b)); and five years for the prior robbery conviction (§ 667, subd. (a)(1)).  The trial court stayed the sentence on count 4.

---

[1] Further statutory references are to the Penal Code.

[2] The facts of the underlying offenses are not relevant to this appeal, and thus we do not discuss them.

In 2006, we affirmed Monroe's conviction on direct appeal. (See *People v. Monroe, supra*, A109587.)

**Senate Bill No. 620 and Monroe's First Motion**

In 2017, the Legislature passed Senate Bill No. 620 (2017–2018 Reg. Sess., Stats. 2017, ch. 682, §§ 1 & 2, eff. Jan. 1, 2018), granting trial courts the discretion to strike firearm enhancements imposed under section 12022.53 "in furtherance of justice" under section 1385.

On November 13, 2020, Monroe, acting in propria persona, filed a "SB620 Motion for Resentencing Pursuant to Penal Code 1385," asking that the trial court "exercise its judicial discretion to strike or dismiss Penal Code sections 12022.5 and 12022.53 enhancements relating to firearms."

On November 17, at a hearing at which Monroe was not present, the trial court appointed counsel to represent Monroe.

On August 9, 2021, again at a hearing at which Monroe was not present, the trial court relieved Monroe's counsel and appointed another attorney to represent him.

**Senate Bill No. 1393**

Meanwhile, in October 2018, the Governor signed Senate Bill No. 1393 (2017–2018 Reg. Sess., Stats. 2018, ch. 1013, §§ 1–2), which took effect on January 1, 2019 and grants trial courts discretion to strike five-year serious felony enhancements (§ 667, subd. (a)(1)) under section 1385 "in furtherance of justice."

**Senate Bill No. 483 and Monroe's Second Motion**

In October of 2021, the Governor signed Senate Bill No. 483 (2019–2020 Reg. Sess., Stats. 2021, ch. 728, § 3), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subdivision (a) of which declares: "Any sentence enhancement that was imposed prior to January 1,

2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." As will be discussed in further detail, Senate Bill No. 483 also provides a procedure for defendants serving sentences that include such enhancements to be resentenced.

On October 28, 2021, before any hearing or ruling on Monroe's motion under Senate Bill No. 620, Monroe, in propria persona, filed a document titled "SB-483 Recall of Sentence Enhancement One Year Prison Prior," seeking to have the trial court strike his three one-year prison prior enhancements (§ 667.5, subd. (b)) pursuant to Senate Bill No. 483.

On November 29, the trial court relieved Monroe's second attorney. The next day, the trial court appointed a third attorney to represent Monroe.

**The Trial Court Decision**

A hearing on both motions was held on January 4, 2022. Defense counsel was present, but Monroe was not. In response to the trial court asking how long defense counsel needed to prepare for the two motions, she stated: "I have not had the opportunity to look at the prison prior, but I have had the opportunity to look at the motion to strike the gun enhancement and I do not believe the Court has jurisdiction." The trial court then agreed: "With regard to the motion to exercise my discretion, pursuant to [section] 1385, with regard to the weapon enhancement, this Court has no jurisdiction to do that. I'm going to deny that motion." The trial court continued the case to January 18 as to the motion to strike the prior prison term enhancements.

On January 18, the matter was continued again to February 14.

On February 2, Monroe filed a motion for reconsideration, again in propria persona. He stated that he had never spoken with any of the three attorneys appointed to represent him. However, Monroe indicated that his

current counsel had sent him a letter dated December 29 "stating that SB620 does not apply to my situation due to being final, with case law," case law which, Monroe's motion said, nevertheless "stated plainly [that] 'the new authority to strike or dismiss the enhancement extends to any resentencing that may occur under any other law.' " Because his motion under Senate Bill No. 483 was a "resentencing matter," Monroe argued that "SB620 can and should be added and addressed."

At the hearing on February 14, the prosecutor agreed that the three one-year prison priors should be stricken under Senate Bill No. 483, and the trial court did so, resentencing Monroe to a term of 28 years four months. With respect to the motion for reconsideration, defense counsel stated "Unfortunately, Your Honor, the law is the law and there was nothing I could do." The trial court responded:

"THE COURT: I agree with you. So I'm going to deny the motion to reconsider, but I have granted the motion with regard to the prison priors."

In other words, to put it in Senate Bill language, the trial court granted Monroe relief under Senate Bill No. 483 but held he was not eligible to be considered for relief under Senate Bill No. 620.

Monroe—again acting propria persona—filed a notice of appeal.

## DISCUSSION

Monroe, now represented by appellate counsel, argues that he was denied the effective assistance of counsel, and that he is entitled to remand for resentencing so that the trial court can consider whether to exercise its discretion under Senate Bill No. 620 to strike the firearm enhancements. He also argues that on remand, the trial court should consider whether to exercise its discretion to strike the five-year serious felony enhancement under Senate Bill No. 1393. We conclude that Monroe was entitled to have

the trial court consider whether to exercise its discretion under both Senate Bill No. 620 (which the Attorney General concedes) and Senate Bill No. 1393 as part of his resentencing pursuant to Senate Bill No. 483.

Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) Once the California Department of Corrections and Rehabilitation identifies those persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" to the sentencing court, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subds. (b) & (c).)

The resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) In resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the

interest of justice." (§ 1172.75, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).) The court "shall appoint counsel" for the resentencing. (§ 1172.75, subd. (d)(5).)

We have not found, nor have the parties cited, any cases discussing the scope of the relief available under section 1172.75, subdivision (d)(2) at a resentencing under Senate Bill No. 483. However, there is no dispute that Monroe was entitled to resentencing under section 1172.75, and the plain terms of subdivision (d)(2) required that at that resentencing, the trial court "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Senate Bills Nos. 620 and 1393 were such changes in the law, and the Attorney General does not contend otherwise.

The Attorney General concedes that the trial court erred in denying relief under Senate Bill No. 620 because it was already resentencing Monroe pursuant to Senate Bill No. 483, but asserts that this is because the authority to strike the firearm enhancements under Senate Bill No. 620 expressly applies "to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h); cf. *People v. Johnson* (2019) 32 Cal.App.5th 938, 942 [failure to obtain collateral relief through habeas corpus meant defendant had not shown he was "eligible for 'resentencing . . . pursuant to any other law.' (§ 12022.53, subd. (h))"].) We accept his concession and agree that this

is an additional reason that Monroe was eligible for relief under Senate Bill No. 620.

With respect to Senate Bill No. 1393, the Attorney General first argues that Monroe has forfeited his argument because he did not present it to the trial court, based on the rule that "any failure on the part of a defendant to invite the court to dismiss under section 1385 following [*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497] waives or forfeits his or her right to raise the issue on appeal." (*People v. Carmony* (2004) 33 Cal.4th 367, 375–376; see *People v. Scott* (1994) 9 Cal.4th 331, 352–353.) Monroe disagrees that there has been any forfeiture, and also argues that if the claim is forfeited, his counsel was ineffective in failing to raise the issue. No satisfactory explanation for counsel's failure to request that the trial court strike the section 667, subdivision (a)(1) enhancement pursuant to Senate Bill No. 1393 is apparent from the record—indeed, the record indicates, and respondent concedes, that Monroe's counsel was affirmatively mistaken regarding the availability of relief under Senate Bill No. 620 as part of Monroe's resentencing under Senate Bill No. 483. To forestall Monroe's ineffective assistance of counsel claim, we decline to find forfeiture under the circumstances of this case. In any event, we may reach the merits of Monroe's argument even if it has been forfeited. (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party. [Citations.] Indeed, it has the authority to do so"].)

On the merits, the Attorney General argues that Monroe is not eligible for relief under Senate Bill No. 1393 because he was not "legally eligible for its benefits in the first instance given that his conviction was already final prior to its effective date," and—unlike in the case of Senate Bill No. 620—

"no other provision of law conferred further authority on the trial court to exercise its discretion to strike the prior serious felony enhancement in final cases."

We reject both of these arguments. Senate Bill No. 483 assumes the defendant's conviction is final because it provides for recall of the sentence and resentencing. (See § 1172.75, subd. (c); Stats. 2021, ch. 728, § 1 [stating legislative intent that Senate Bill No. 483 apply "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) The fact that Monroe was not independently eligible for the benefits of Senate Bill No. 1393 because his conviction was already final does not change this. (See *People v. Cepeda* (2021) 70 Cal.App.5th 456, 464 [concluding that resentencing under section 1170, subdivision (d)(1) allows the trial court to apply Senate Bill No. 1393 to judgments that are already final even though defendant could not "fil[e] his own Senate Bill [No.] 1393 motion in the trial court"].) Senate Bill No. 620—like Senate Bill No. 1393— does not apply independently to judgments that are final, but the Attorney General concedes that Senate Bill No. 620 nevertheless applies once resentencing is triggered by Senate Bill No. 483. (See *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 ["Senate Bill No. 620 . . . does not apply retroactive[ly] to cases that became final"]; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941–942 [same].) So too with Senate Bill No. 1393.

As noted, the Attorney General argues relief is not available under Senate Bill No. 1393 because Senate Bill No. 620 provides that the authority it grants extends "to any resentencing that may occur pursuant to any other law," whereas Senate Bill No. 1393 contains no such provision. But this is simply a second and additional reason that Senate Bill No. 620 applies in this case. (See *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 786 [concluding this

language is an "additional[]" reason that Senate Bill No. 620 applies to a resentencing under section 1170, subdivision (d)(1)].) And if section 1172.75, subdivision (d)(2) applied only to ameliorative legislation that expressly applied whenever resentencing occurred under any other law, subdivision (d)(2) would be unnecessary surplusage—a construction of the statute that should be avoided. (See *People v. Valencia* (2017) 3 Cal.5th 347, 357 ["we generally must 'accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose,' and have warned that '[a] construction making some words surplusage is to be avoided' "].)

Finally, we reject the Attorney General's argument that Monroe is not entitled to a full resentencing on remand because his judgment of conviction was final and the prior prison term enhancements have already been stricken, such that no enhancements are being stricken on review. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements. For example, section 1172.75 subdivision (d)(1) creates a presumption that the resentencing "shall result in a lesser sentence than the one originally imposed," subdivision (d)(3) expressly requires the court to consider "post conviction factors, including . . . evidence that reflects that circumstances have changed since the original sentencing," and subdivision (d)(4) guides the trial court in selecting among the lower, middle, and upper term on each count.

In short, Monroe was entitled to, but did not receive, a full resentencing under the terms of section 1172.75, including the application of "any other changes in law that reduce sentences or provide for judicial discretion," in particular the changes made by Senate Bill Nos. 620 and 1393. To correct this error, remand for a full resentencing in compliance with section 1172.75 is necessary.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing consistent with section 1172.75 and with the views expressed in this opinion, including for the trial court to exercise its discretion under Senate Bill No. 620 and Senate Bill No. 1393.

_____
Richman, Acting P. J.

We concur:


_____
Miller, J.


_____
Van Aken, J. *


*People v. Monroe* (A164777)

      *Judge of the San Francisco Superior Court, Judge Christine Van Aken, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

| | |
|---|---|
| Trial Court: | Solano County Superior Court |
| Trial Judge: | Honorable Stephanie Grogan Jones |
| Attorney for Plaintiff and Respondent, People of the State of California: | Rob Bonta, Attorney General of California; Lance E. Winters, Chief Assistant Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General; Rene A. Chacon, Supervising Deputy Attorney General; Julia Y. Je, Deputy Attorney General |
| Attorney for Defendant and Appellant, William Erik Monroe: | Law Offices of Russo & Prince, Leslie Prince, under appointment by the Court of Appeal, for Defendant and Appellant. |