Filed 2/23/23  P. v. Hill CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>D'VAUGHN CORTEZ HILL,<br><br>      Defendant and Appellant. | A165534<br><br>(Solano County<br>Super. Ct. No. FCR321233) |

Defendant D'Vaughn Cortez Hill appeals an order denying his petition for resentencing under former Penal Code section 1170.95.[1] We find no error and affirm.

**Background**

In December 2017, defendant was convicted of attempted murder in connection with the shooting of Dennis Keesee, and the jury found true the allegation that he discharged a gun causing great bodily injury and personally inflicted great bodily injury on Keesee. Defendant was also convicted of one count of attempted voluntary manslaughter in the shooting of a second victim and the jury found true the allegations that he personally

---

[1] Section 1170.95 of the Penal Code was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering.

All further statutory references are to the Penal Code.

1

used a firearm and inflicted great bodily injury on that victim. The trial court sentenced him to a term of three years four months in prison consecutive to 32 years to life. He appealed the judgment and we affirmed. (*People v. Hill* (July 16, 2019, A154192) [nonpub. opn.].)[2]

In April 2022, defendant filed his petition for resentencing. At the same time, defendant also filed a motion to dismiss his firearm enhancements under section 1385, as amended by Senate Bill No. 81 (2021–2022 Reg. Sess.). The trial court denied the petition and the motion, and defendant appealed.[3]

Defendant's appointed appellate counsel, unable to find a reasonably arguable issue, filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436. Relying on *People v. Delgadillo* (2022) 14 Cal.5th 216, we informed defendant that the protections afforded by *Wende*, *supra*, at pages 441–442, including an independent review of the record by Courts of Appeal, do not apply on appeal of a postconviction petition for resentencing under section 1172.6. We further informed defendant that his appeal would be dismissed if he did not file a supplemental brief.

Defendant timely filed a supplemental brief. We address each of his arguments below.

## Discussion

Initially, defendant's request to dismiss and replace his appointed appellate counsel is denied. The sole basis urged by defendant for

---

[2] Defendant's request that we take judicial notice of the record filed in appeal No. A154192 is granted.

[3] The trial court also denied defendant's motion for resentencing under section 1171.1, which provides for resentencing where a prior-prison-term enhancement under section 667.5, subdivision (b) has been imposed. The record does not reflect that such an enhancement was imposed in this case and defendant has not challenged the denial of this motion on appeal.

appointment of replacement counsel is that he strongly disagrees with his attorney's conclusion that there are no arguable issues to raise on appeal. As discussed *post,* having reviewed defendant's supplemental brief, we agree with counsel that there were no arguable issues to be briefed and, thus, we see no justification for appointment of a second attorney.

Senate Bill No. 1437

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder. (Stats. 2018, ch. 1015, §§ 2, 3.) The bill also added section 1172.6, which creates a procedure for convicted persons who could not be convicted under the statutes as amended to retroactively obtain relief. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) extended the reach of Senate Bill No. 1437 to convictions for attempted murder. Thus, Senate Bill No. 775 eliminates the natural and probable consequences doctrine as a basis to prove an accomplice committed attempted murder. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 196.)

Here, however, there is no dispute that defendant was the only participant in the crimes and the actual shooter. His conviction was not based on the natural and probable consequences doctrine. To the extent that defendant argues in his supplemental brief that there is insufficient evidence to support the jury's finding of express malice, that argument was rejected in his prior appeal. (*People v. Hill* (July 16, 2019, A154192) [nonpub. opn.].) Accordingly, the trial court properly denied his petition for resentencing under section 1172.6.

<u>Senate Bill No. 81</u>

In 2021, the Legislature enacted Senate Bill No. 81, which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.) As relevant here, under the newly enacted subdivision (c)(2)(C) of section 1385, if "[t]he application of an enhancement could result in a sentence of over 20 years," the trial court "shall . . . dismiss[ ]" the enhancement. (Stats. 2021, ch. 721, § 1.) These requirements, however, only "apply to . . . sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).)

Defendant was sentenced and his sentence was upheld well before the effective date of the amendments to section 1385. Accordingly, the court had no authority to grant defendant's motion seeking the dismissal of the section 12022.53, subdivision (d) firearm-enhancement allegations. The order denying defendant's motion is not appealable. (See § 1237, subd. (b) [an order made after judgment affecting a defendant's substantial rights is appealable]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [because trial court lacked jurisdiction to modify defendant's sentence, motion to modify could not have affected his substantial rights and was not appealable]; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941 [same].)

In any event, defendant's argument that the judge was required to provide an oral explanation for the denial of his motion is based on a misreading of the statute. Section 1385, subdivision (a) requires that that the trial court state the reasons for striking an enhancement "orally on the record." It is not applicable where the court *declines* to grant such relief.

<u>Senate Bill No. 620</u>

Defendant contends for the first time in the present appeal that he is entitled to resentencing under Senate Bill No. 620 (2017–2018 Reg. Sess.), which amended section 12022.53, effective January 1, 2018, to give the trial court discretion, in limited circumstances, to strike a firearm enhancement in the interest of justice. (Stats. 2017, ch. 682, § 2; § 12022.53, subd. (h).) He argues that it is "clear from the record" that the judge was unaware of his discretion to strike the enhancement. Defendant's argument is beyond the scope of the present appeal. None of defendant's postconviction motions for resentencing sought relief under Senate Bill No. 620.

In any event, defendant was sentenced in April 2018, after the effective date of the amendment of section 12022.53, and he did not challenge the trial court's exercise of discretion with regard to the firearm enhancements on appeal. His conviction and sentence are now final. Senate Bill No. 620 "does not automatically trigger resentencing for a prisoner who was previously found to have used a firearm in the commission of a felony." (*People v. Johnson, supra,* 32 Cal.App.5th at p. 940.) Except as provided in section 12022.53, subdivision (h), which is inapplicable, "[t]he new amendment does not apply to final judgments." (*Johnson,* at p. 941.)

Accordingly, the trial court did not err in denying defendant's petition for resentencing.

## Disposition

The order is affirmed.

WHITMAN, J.[*]

WE CONCUR:

STREETER, Acting P. J.
GOLDMAN, J.

---

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.