Filed 5/18/23  P. v. Galvez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B319256 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA070312) |
| v. | |
| DAVID ALEJANDRO GALVEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant David Alejandro Galvez appeals from the trial court's denial of his request to strike firearm enhancements under Penal Code[1] section 12022.53, subdivision (h). We affirm.

# II. BACKGROUND

A.  *Prior Proceedings*

In 2006, a jury convicted defendant of two counts of first degree murder. (*People v. Galvez* (Aug. 22, 2007, B194868) [nonpub. opn.].) The trial court sentenced defendant to two terms of life without the possibility of parole, plus an additional 25-years-to-life firearm enhancement (§ 12022.53, subd. (d)) on each count. (*Ibid.*)

In 2015, defendant petitioned for a writ of habeas corpus, arguing that he was entitled to a resentencing hearing pursuant to *Miller v. Alabama* (2012) 567 U.S. 460. (*People v. Galvez* (Feb. 22, 2018, B279420 [nonpub. opn.].) The trial court granted the petition and conducted a hearing, after which it imposed the same sentence. (*Ibid.*) Defendant appealed, and a prior panel of this court, among other things, remanded the matter for the limited purpose of allowing the court to consider whether to exercise its discretion under section 12022.53, subdivision (h) to strike or dismiss the firearm enhancements. (*Ibid.*)

On remand, the trial court declined to strike the firearm enhancements. Defendant appealed, and in 2019, this court reversed and remanded for the court to take into consideration all

---

[1]     Further statutory references are to the Penal Code.

appropriate factors in determining whether to strike the enhancements in the interests of justice under section 1385. (*People v. Galvez* (Nov. 25, 2019, B294969 [nonpub. opn.].)

Defendant did not appear at the hearing on remand, where the trial court again declined to strike the firearm enhancements. (*People v. Galvez* (Oct. 1, 2021, B306796) [nonpub. opn.].)  In 2021, this court again reversed because there was no substantial evidence that defendant had waived his right to be present at the hearing.  (*Ibid.*)  In the remittitur, this court ordered, "[t]he order is reversed and remanded for the trial court to conduct a section 12022.53, subdivision (h) hearing, at which defendant has the right to be present unless defendant waives his appearance in compliance with section 977, subdivision (b)(1)."  (*Ibid.*)

B.     *Current Proceedings*

On January 18, 2022, the trial court conducted a hearing on remand.  It ordered that defendant appear but defendant refused to be transported from prison.  Defense counsel reminded the court that defendant had previously told counsel both telephonically and in writing that "he didn't want to be in court. He didn't want to be brought down, and [counsel] had his permission to go forward without him being present."

The trial court set the matter for a further hearing on March 22, 2022, ordered that defendant appear, and advised defense counsel, "in the interim, you can speak with, write to him.  And, if he doesn't want to appear, he can indicate in writing to the court through you that he is abandoning his remittitur . . . ."

Defense counsel responded: "I don't think because he doesn't want to appear means he's abandoning his remittitur . . . . [¶] I think he has a life and he's been working his program, and he doesn't want to, in effect, move out of his house . . . . [¶] I will write him and . . . I can [co]mpose a [section] 977 waiver, although in order [for it] to be valid it has to be executed in court, on the record."

The trial court directed defense counsel to advise defendant that it would order an extraction of defendant if he failed to appear and issued a removal order for defendant's appearance at the March 22, 2022, hearing.

On March 4, 2022, defendant filed a "Waiver of Personal Appearance P.C. § 977 (B)," which he had signed on February 24, 2022. That document stated: "'The undersigned defendant, having been advised of his . . . right to be present at all stages of the proceedings, . . . hereby waives the right to be present at the hearing of any motion or other proceeding other than trial in this cause. The undersigned defendant hereby requests the court to proceed during every absence of the defendant that the court may permit pursuant to this waiver, and hereby agrees that his. . . interest is represented at all times by the presence of his . . . attorney the same as if the defendant were personally present in court, and further agrees that notice to his . . . attorney that his . . . presence in court on a particular day at a particular time is required is notice to the defendant of the requirement of his . . . appearance at that time and place.'"

Defendant also filed his February 24, 2022, letter to counsel, in which he explained: "I am writing to you because I received the letter & paper work that you sent me concerning my case. [¶] Here I am sending you the waiver signed up back to

4

you.  I do not want to be present in court, I do not want to go back down to court.  I waive my right to be present, please proceed without me.  And we can get video visits, so you can contact the prison and tell them that you want to video visit with me.  But again I do not want to be present on my next court date (3/22/22) just proceed without me, please I'm tire[d] of going back down for nothing.  It seems like [J]udge Martine[z] has a personal v[e]ndet[t]a again[st] me.  I'm going to call you tomorrow.  Thank you for your help.  Have a nice day.  [¶]  'I DO NOT WANT TO BE PRESENT ON MY NEXT COURT DATE 3.22.22'  THANK YOU!"

On March 16, 2022, at defendant's request, the trial court held a hearing.  Defense counsel stated:  "I provided to the court the 977(b) signed by [defendant] and his letter that was written to me that specifically states, [']I do not want to be present.  I have executed the 977(b).  I don't want to be present.[']  He doesn't want to be brought out.  [¶]  . . .  [¶]  And [defendant] had a family member call me this morning.  He is very upset because he is being told he is going to be taken, and he does not wish to come to court."

The trial court[2] responded:  "This is Judge Martinez's case, and I have discussed that with him, and he goes, well, the Court of Appeal[] wants him to be present."

Defense counsel responded that the reason for the remand was that defendant had not previously executed a written waiver pursuant to section 977, subdivision (b)(1).

The trial court read into the record the disposition from our prior October 1, 2021, opinion, including its statement that

---

[2]    The judge for the March 16, 2022, hearing was Judge Juan C. Dominguez.

5

defendant had the right to be present "unless the defendant waive[d] his appearance in compliance with 977, subdivision (b)(1)." The court then asked counsel, "So that has been done?"

Counsel responded, "[T]hat has been done, but I want to put a proviso there. [¶] Because normally a 977(b)(1) is executed on the record in court. However, the emergency procedures, because of COVID, are still in effect with regard to 977(b), and, therefore, we have a valid 977(b) waiver signed by [defendant] with a letter from [defendant] confirming he did sign the 977(b). He authorizes me to act on his behalf, and he does not wish to be present."

The trial court stated, "I think that should be enough." Defense counsel agreed; and the court then rescinded the removal order.

On March 22, 2022, the trial court held the hearing on remand without defendant being present. The court permitted defense counsel to "supplement [counsel's] comments and point out the areas that [counsel] perceived to be inaccurate" regarding defendant's prison disciplinary record. Defense counsel did so.

The trial court stated that the court of appeal had "remanded the matter to come to this court to give the court the opportunity to address whether or not it should exercise its discretion. It did not say the court must exercise its discretion." The court then described various factors it considered and ruled, "The motion to strike the use allegations is denied, in that the court finds that the interest of justice would not be served by the striking or reduction of the use allegations."

The trial court then expressed concern that defendant had not appeared at the hearing and opined that "[t]he fact that the written waiver was not executed in open court still leaves an

open issue.  On the other hand, the court is of the view that, based on the cases of [*People v. Fuimano* (2019) 32 Cal.App.5th 132 (*Fuimano*) and *People v. Johnson* (2019) 32 Cal.App.5th 938 (*Johnson*)], it appears that the hearing on the striking of the use allegations in this matter should have been summarily denied since [defendant's] judgment was final and that he was not entitled to the provisions of Senate Bill number 620 because of the finality of his sentence."  Defendant timely appealed.

## III.  DISCUSSION

A.    *Compliance with Section 977, Subdivision (b)(1)*

Defendant first argues that the trial court erred in proceeding with the hearing on remand when defendant had failed to appear or execute a written waiver of his appearance in open court as required by section 977, subdivision (b)(1).  We disagree.

At the time of the hearing on remand, section 977, subdivision (b)(1) provided, in pertinent part, "[t]he accused shall be personally present at all other proceedings unless they shall, with leave of court, execute in open court, a written waiver of their right to be personally present, as provided by paragraph (2)."[3]  (See Stats. 2021, ch. 196, § 1, eff. Jan. 1, 2022.)  The fact that defendant did not execute his written waiver in open court

---

[3]    Effective June 30, 2022, section 977, subdivision (b) was amended to permit remote proceedings and to remove the requirement that an appearance waiver be executed in open court.  (See Stats. 2022, ch. 57, § 12.)

does not, however, necessarily render the court's acceptance of that waiver contrary to section 977, subdivision (b)(1).

The doctrine of substantial compliance applies to section 977, subdivision (b)(1) waivers. (*People v. Price* (1991) 1 Cal.4th 324, 406.) Under that doctrine, "substantial compliance may suffice in some circumstances if the purpose of the statute is satisfied." (*People v. Carroll* (2014) 222 Cal.App.4th 1406, 1420.) "'Substantial compliance' means actual compliance in respect to the substance essential to every reasonable objective of the statute, as distinguished from mere technical imperfections of form. [Citations.] The essential inquiry is whether under the circumstances the policies underlying the statute were served. [Citation.] '"Where there is compliance as to all matters of substance[,] technical deviations are not to be given the stature of noncompliance."'" (*Id.* at p. 1421)

As our Supreme Court explained, section 977, subdivision (b)(1), "though designed to implement a defendant's right to be present, also serves an important public interest. The efficient functioning of the criminal justice system is enhanced by compelling a defendant's appearance at critical portions of his or her case, and by requiring the court-authorized written waiver at other covered proceedings to foreclose any doubt whether to proceed in the defendant's absence." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 715.) This record forecloses any doubt that defendant wished to waive his appearance. Here, defendant submitted a written waiver that included a recitation of the waiver language as set forth at section 977, subdivision (b)(2). Further, in his letter to counsel, defendant expressly stated, numerous times, that he did not wish to appear for the remand hearing scheduled for March 22, 2022.

To the extent defendant now characterizes his letter as expressing a willingness to participate in the remand hearing by "video conferenc[e]," we disagree. The only reference to a "video" in defendant's letter was to "video visits" with his counsel. Accordingly, we conclude that the trial court substantially complied with section 977, subdivision (b)(1).

## B. *Denial of Request to Strike Firearm Enhancements*

Defendant alternatively argues that the trial court erred by relying on *Fuimano, supra,* 32 Cal.App.5th 132 and *Johnson, supra,* 32 Cal.App.5th 938*,* to summarily deny defendant relief on the grounds that his conviction was final. To the extent defendant contends that the trial court mistakenly believed that it lacked discretion to strike the sentencing enhancements, we disagree. The court expressly stated that it was considering defendant's motion and declined to exercise its discretion to strike the firearm enhancements.

Although the trial court opined that "it appear[ed]" that the hearing on this matter "*should have been* summarily denied," (italics added) the context of the court's statements made it clear that this was an alternative ruling in the event that its acceptance of defendant's waiver of his right to be present at the hearing was reversed on appeal. Having concluded that the court substantially complied with section 977, subdivision (b)(1) in accepting defendant's waiver, we need not decide the merits of the court's alternative ruling.

## IV.  DISPOSITION

The order denying defendant's request to strike the firearm enhancements pursuant to section 12022.53, subdivision (h) is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



MOOR, J.

10