Filed 7/25/24  P. v. Zavala CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO ZAVALA,<br><br>    Defendant and Appellant. | H051816<br>(Monterey County<br>Super. Ct. No. SS130578A) |

**MEMORANDUM OPINION[1]**

Appellant Isidro Zavala appeals from the postjudgment order denying his request for resentencing under Senate Bill No. 620 (2017–2018 Reg. Sess.), which gave trial courts the discretion to strike a firearm enhancement, as well as Senate Bill No. 81 (2021–2022 Reg. Sess.), which amended Penal Code section 1385.[2]  Zavala's appellate counsel filed a brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and Zavala filed his own supplemental letter brief.  We issued an order to show cause why the appeal should not be dismissed as taken from a nonappealable order because Zavala's

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

[2] Unspecified statutory references are to the Penal Code.

judgment was final when he filed his motion requesting resentencing.  We will now dismiss the appeal.

In October 2013, Zavala pleaded no contest to carjacking (§ 215, subd. (a)) and misdemeanor street terrorism (§ 186.22, subd. (a)), and further admitted a firearm enhancement (§ 12022.5, subd. (b)) and a prior strike conviction (§ 1170.12, subd. (c)(1)).  In December 2015, the trial court sentenced Zavala to an agreed-upon term of 16 years in prison—the lower term of three years for the carjacking, doubled due to his prior strike, plus 10 years for the firearm enhancement, and a concurrent term of one year for misdemeanor street terrorism.  Zavala did not appeal, and the judgment became final in February 2016.

In September 2023, Zavala moved for resentencing under Senate Bill Nos. 620 and 81.[3]  At the hearing on the motion held in January 2024, Zavala was not present.  The trial court indicated that Zavala had been "authorized for Zoom" but that he had "not logged in."  Counsel for the parties submitted on their written filings, and the trial court denied the motion after finding Zavala ineligible for the requested relief.

In criminal appeals arising from proceedings other than the first appeal of right, if appointed counsel files a brief finding no arguable issues, the defendant has the right to file a supplemental brief, and the reviewing court, after informing the defendant of that right, may then "either retain the appeal or dismiss it on [its] own motion."  (*Serrano*, *supra*, 211 Cal.App.4th at p. 503; *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.)  But we do not reach the merits of Zavala's supplemental letter brief, as we must first address the threshold issue of appealability and jurisdiction.

---

[3] The motion also pointed out that Zavala was initially charged with having a prior prison term enhancement under former section 667.5, subdivision (b).  Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, limiting prior prison term enhancements to only certain prior terms served for certain sexually violent offenses.  But Zavala never admitted the prison prior, and it was not a part of his sentence.

Zavala's postjudgment motion requested relief under Senate Bill Nos. 620 and 81, but Senate Bill No. 620 is retroactive *only* to nonfinal judgments under the principles set forth in *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090–1091 [Sen. Bill No. 620 retroactive to nonfinal judgments]), and Senate Bill No. 81 is expressly prospective, applying only "to all sentencings occurring after January 1, 2022" (§ 1385, subd. (c)(7)). As Zavala was sentenced in December 2015, his judgment was final by the time he filed his postjudgment motion, and he is not entitled to resentencing under either law. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Because the trial court lacked jurisdiction to modify Zavala's sentence, the trial court's order denying Zavala's postjudgment motion was not an appealable postjudgment order. (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342 [appeal from postjudgment order denying relief under Sen. Bill No. 620 is not appealable because the defendant's conviction had long been final]; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941 [accord].) We must therefore dismiss his appeal.[4]

---

[4] Even if we could consider Zavala's supplemental letter brief, he argues only that he was denied the right to be present at the hearing, in that he was not informed of the hearing date. First, this contention is not affirmatively supported by the trial record; there is nothing indicating that Zavala did not receive proper notice of the hearing date. "[O]n appeal a judgment is presumed correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) Second, the right of a defendant to be present is guaranteed at " ' "any 'stage that is critical to [the] outcome' [of the criminal proceedings] *and* where the defendant's 'presence would contribute to the fairness of the procedure.' " ' " (*People v. Suarez* (2020) 10 Cal.5th 116, 145, italics added.) As the trial court lacked jurisdiction to modify his sentence in the first instance, the hearing on Zavala's motion cannot be said to have been critical to the outcome of the proceedings.

## DISPOSITION

The appeal is dismissed.

_____
LIE, J.

WE CONCUR:


_____
GREENWOOD, P. J.



_____
GROVER, J.



*People v. Zavala*
H051816