Filed 11/17/25 P. v. Williams CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B339120 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA386991-01) |
| v. | |
| MALI WENDELL WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge. Appeal dismissed.

Ashwini Mate, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review an order denying Mali Williams's request for resentencing under Penal Code[1] section 1172.1, subdivision (a)(1). Because we find the order is not appealable, we dismiss the appeal.

## BACKGROUND

A jury convicted appellant Mali Williams of two counts of attempted kidnapping to commit robbery in violation of sections 664 and 209, subdivision (b)(1); two counts of attempted second-degree robbery in violation of sections 664 and 211; and one count of illegal possession of a firearm by a person adjudged a ward of the juvenile court in violation of former section 12021, subdivision (e). The jury also found true that Williams had personally used a firearm within the meaning of section 12022.53, subdivision (b). Williams waived jury trial and admitted a prior strike conviction within the meaning of the Three Strikes Law, sections 667 subdivision (b) through (i) and 1170.12, subdivisions (a) through (d). On March 1, 2012, the trial court sentenced Williams to 21 years and four months in prison.

Williams apparently filed a pro se petition for writ of habeas corpus, which is not in our record on appeal. At a May 8, 2024, status conference attended by appointed counsel for Williams and the prosecutor, the trial court acknowledged that it had appointed counsel to assist Williams upon receiving the petition for writ of habeas corpus. Specifically, the trial court stated: "If memory serves me, this was one that I had felt having [defense counsel's] interpretation of the claim on habeas would assist me." Appointed counsel acknowledged the pending pro se

---

[1] Undesignated statutory references are to the Penal Code.

habeas petition and advised the court that he had, that morning, filed an "invitation" to the court to exercise its discretion to recall and resentence Williams under Assembly Bill No. 600 (Assembly Bill). The invitation also included prison records demonstrating Williams's rehabilitation efforts. Counsel also advised the court that he was reviewing the pending habeas corpus petition to "see if it's necessary for me to file a writ of habeas corpus."

The trial court then postponed the status conference on the pro se habeas petition and the Assembly Bill 600 "invitation" to June 10, 2024 to give the court and counsel an opportunity to review the pleadings. It asked defense counsel to send a copy of the pending habeas petition to the prosecutor. The court also reminded defense counsel that he was appointed on the "existing petition, and if—but if there are additional ones, that's a different matter. He remains in propria persona as to any additional or other habeas claims." Defense counsel responded: "Yes, your honor. So I think the thrust of this habeas claim was this AB 600. So my perspective was, just to go with the AB 600, and I don't know if it's—I don't know if a writ of habeas corpus would be the appropriate vehicle for that." The court responded: "Well, fair enough. Let's see where we stand on the issue on the 10th of June." The court continued: "[T]here's a setting for both, AB 600 and the related habeas corpus petition. And I hope that by that point, the People will have had a chance to review it and can tell me if they want to submit anything or at least—even if you don't submit anything, if it's something you want to be heard on, I'm happy to hear your point of view on that. Again, this is—AB 600 doesn't require even calendaring the issue. It's something that very often—in fact, most frequently is just handled in chambers matter."

On June 10, 2024, the trial court held the continued status conference. It acknowledged the Assembly Bill 600 petition was "of some length and complexity. And I have not yet finished my review of that document. I want to give it full consideration." The trial court suggested a further continuance. Williams addressed the court personally and asked why it was taking so long to decide his pending habeas petition. The court responded that if Williams wanted an answer that day, "I'm going to deny it, sir. You want to give me more time?" Williams consented to a postponement of the status conference for both pleadings, which the court moved to August 2, 2024. The trial court noted that it might issue a written decision before August 2, 2024.

On June 25, 2024, the trial court refused to take any action on Williams's Assembly Bill 600 petition. The trial court's order stated: "On May 8, 2024, the Court received an 'Invitation to Consider Resentencing Pursuant to AB 600' and petition for recall and resentencing pursuant to Penal Code section 1172.1 from defendant's counsel Richard Pagliari. The court appreciates the work put into this petition, and the progress shown by Petitioner Williams. The Court has reviewed the materials provided and declines to resentence Petitioner or take further action on the Petition. Future court dates previously set for consideration of this matter are vacated. Clerk to give notice to defendant." "On Court's motion, the hearing on 08/02/2024 Petition for Writ of Habas Corpus Status Conference is Vacated." This timely appeal followed.

We appointed counsel to represent Williams on appeal. On July 11, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Williams he could file

4

his own supplemental brief within 30 days and sent him transcripts of the record on appeal as well as a copy of the brief.

On July 11, 2025, this court sent Williams notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On August 15, 2025, Williams filed a supplemental brief in which he contends that he had filed a petition for writ of habeas corpus in 2023 asking the court to resentence him pursuant to Assembly Bill 600, Senate Bill No. 620, and Senate Bill No. 1393. The trial court then appointed counsel to assist him. Instead of pursuing the habeas petition, however, counsel filed a section 1172.1 request for resentencing and did not pursue the issues Williams raised on habeas. Williams asks us to consider the issues he raised on habeas in addition to his invitation to the trial court to resentence him pursuant to Assembly Bill 600.

## DISCUSSION

### I. **Assembly Bill 600**

#### A. *Section 1172.1—the Recall and Resentencing Statute*

Assembly Bill 600 amended section 1172.1, endowing a trial court with authority to recall the sentences of incarcerated defendants and resentence them under certain circumstances. Like its predecessor provisions, section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 637–638.)

5

Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).)  Until recently, the statute also provided that a trial court may recall and resentence "on its own motion" within 120 days of the date of commitment.  Effective January 1, 2024, the 120-day provision was expanded.  Now a trial court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (*Ibid.*; Assem. Bill 600 (2023–2024 Reg. Sess.).)  Once a trial court decides to recall and resentence, it may either reduce the sentence by modification or vacate the conviction and impose judgment on "any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleadings." (§ 1172.1, subd. (a)(3).)

Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing. (§ 1172.1, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].)  As to a right to appeal, the statute provides: "After ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal." (*Id.*, subd. (d).)

6

B.     *The Right to Appeal Generally*

The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)  Criminal defendants are entitled to appeal from "any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subd. (b).)

C.     *The Definition of "Substantial Rights"*

Our Supreme Court has not provided "a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).)  But *Loper* did discuss how to approach formulating a definition.  There, the court addressed the question whether a defendant has the right to appeal a trial court's denial of a request for compassionate release properly made by the Secretary of the Department of Corrections and Rehabilitation under section 1170, former subdivision (e).  That statute is similar to section 1172.1 in that both statutes do not give defendants the right to make a request for relief themselves.  For relief under section 1170, only the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings may make such a request.  (§ 1170, former subd. (e).)

In deciding that the denial of a request for compassionate release affects substantial rights, our Supreme Court in *Loper* noted: "Although the defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary [of the Department of Corrections and Rehabilitation] evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf.  By

7

providing a mechanism for releasing eligible prisoners from custody, section 1170[, former subdivision] (e) implicates a prisoner's substantial interest in personal liberty.  Moreover, although section 1170[, former subdivision] (e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170[, former subd.] (e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria.  These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.)

We glean from this footnote that the combination of three factors dictates whether a defendant's substantial rights in personal liberty are implicated: 1) the Legislature sets up a mechanism for releasing eligible prisoners from custody; 2) that mechanism is used to get the issue of release from custody before the trial court; and 3) that mechanism includes a list of eligibility statutory criteria that must then be followed by the trial court in making its ruling, suggesting that the trial court's discretion is not unfettered.  We also glean from the extended discussion in *Loper* on standing that whether or not defendants themselves have the express right to initiate the request for sentencing relief is immaterial to determining whether substantial rights are affected.  (See *Loper*, *supra*, 60 Cal.4th at pp. 1161–1165 [defendant may appeal an adverse decision on a postjudgment motion or petition if it affects substantial rights, even if someone else brought the original motion].)  Indeed, we find that it is use of the mechanism set up by the Legislature, coupled with

8

legislatively mandated factors to consider, that are determinative of whether substantial rights are affected by the statute.

Keeping these three factors in mind, we hold that section 1172.1 does not implicate a defendant's substantial rights where, as here, a defendant has filed a petition not authorized by statute. It is true that the Legislature created a mechanism for release, satisfying the first of the three criteria set out above. However, that mechanism, authorized for use by only designated entities or persons, was not followed in this case. Section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The statute also expressly provides that where an *authorized* request for relief is denied, a defendant must be advised of their appellate rights, inferring a right to appeal a properly authorized request. (§ 1172.1, subd. (d).)

Here, Williams filed an unauthorized request for relief to which the trial court was not obligated to respond. Thus, the second criterion—that the authorized mechanism be used to obtain the requested relief—has not been satisfied. This, we emphasize, stands apart from a standing analysis per se. We conclude that orders denying requests for relief that do not properly invoke the mechanisms set out by the statute do not implicate substantial rights and are not appealable.

We also adopt the analysis of our colleagues in Division 2 who concluded that orders denying requests for relief from defendants personally, as opposed to those from authorized third parties, are not appealable. (See generally *People v. Hodge* (2024) 107 Cal.App.5th 985.) As Presiding Justice Lui wrote, "[T]he

9

second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendant may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant any right, much less a substantial one." (*Id*. at p. 996.) Under *Hodge*, where a statute expressly relieves the court of any obligation to adjudicate a request for relief filed by defendants personally, it follows that defendants do not have a substantial right in this particular pathway toward resentencing. (*Ibid;* see also *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 [order declining to act on defendant's unauthorized section 1172.1 petition not an appealable order]; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047 [same].)

It is the Legislature's mechanism and the use of that mechanism that is paramount in deciding whether substantial rights are affected, not the format of the trial court's order. Because we find that the order declining to take any action on the section 1172.1 petition is not an appealable order, we do not address the merits of the request.

## II.    The Petition for Writ of Habeas Corpus

There is no petition for writ of habeas corpus in the record we have on appeal. As set out *ante*, up until June 25, 2024, when the trial court declined to rule on the Assembly Bill 600 petition,

10

the court acknowledged the existence of a pending petition for writ of habeas corpus filed by Williams pro se.

The minute order dated June 25, 2024 addresses only the petition for recall and resentencing pursuant to section 1172.1 and takes off calendar the status conference on the pending habeas petition.

Williams's notice of appeal refers only to his request for resentencing under Assembly Bill 600. His supplemental brief asks us to review the exhibits attached to his Assembly Bill 600 resentencing request. Those exhibits consist of numerous laudatory certificates, letters, commendations, and memoranda about his successful rehabilitation efforts while in custody. Williams's supplemental brief asks us to consider requests for relief under Senate Bill No. 1393 and Senate Bill No. 620 as well as Assembly Bill 600. He represents that these additional statutory requests for relief are included in his petition for writ of habeas corpus.

Notwithstanding Williams's representations that his habeas petition requested relief under Assembly Bill 600, Senate Bill No. 620, and Senate Bill No. 1393, we adhere to our conclusion that the appeal must be dismissed. First, as we have discussed above, denial of an unauthorized petition for relief under Assembly Bill 600 and section 1172.1 is not an appealable order.

Second, we do not have a copy of the petition Williams filed, rendering us unable to address it. However, were we to act on Williams's representations, we note Senate Bill No. 620 (Senate Bill 620) (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1, 2), effective January 1, 2018, grants trial courts discretion to strike firearm enhancements imposed under section 12022.53 " 'in

11

furtherance of justice' " under section 1385, subdivision (a). (*People v. Monroe* (2022) 85 Cal.App.5th 393, 396.) However, Senate Bill 620 does not apply retroactively to cases that became final before its effective date. (*People v. Johnson* (2019) 32 Cal.App.5th 938, 941–942; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)

The record in this matter reflects that Williams's judgment became final years before Senate Bill 620 was enacted. We take judicial notice that the direct appeal affirming his judgment of conviction as modified was filed July 24, 2013, and our Supreme Court denied his petition for review on October 23, 2013. (*People v. Williams* (July 24, 2013, B240665) [nonpub. opn.], review den. Oct. 23, 2013, S213128.) We have found no petition for certiorari filed in the United States Supreme Court. "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired." (*People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5.) A petition for certiorari must be filed within 90 days of entry of an order denying discretionary review by a state court of last resort. (U.S. Supreme Ct. Rules, rule 13(1), (3).) This places finality well before Senate Bill 620's effective date of January 1, 2018.

Finally, Senate Bill No. 1393 (Senate Bill 1393) (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1, 2), effective January 1, 2019, grants trial courts discretion to strike five-year serious felony enhancements under section 1385, subdivision (a) " 'in furtherance of justice.' " (*People v. Monroe*, *supra*, 85 Cal.App.5th at p. 397.) Likewise, this statute also applies only to cases not final as of its effective date. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344.) Williams's judgment was final well

before the law's effective date of January 1, 2019.  On the merits, Williams has not shown that the trial court's decision declining to take further action on his habeas petition was prejudicial error.

The denial of Williams's section 1172.1 petition is not an appealable order.  And because the court lacked jurisdiction to grant resentencing under Senate Bill 1393 and Senate Bill 620, the appeal of the order declining to rule on the petition for writ of habeas corpus must be dismissed.  (*People v. Alexander*, *supra*, 45 Cal.App.5th at p. 345.)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

VIRAMONTES, J.

RUBIN, J.[*]

---

[*]     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.